PINEY MOUNTAIN PROPERTIES, INC. v. NATIONAL THEATRE SUPPLY COMPANY, A CORPORATION; CLARK C. TOTHEROW AND JOHN R. INGLE, SUBSTITUTE TRUSTEES

No. 6928SC193

(Filed 30 April 1969)

**1. Appeal and Error § 45— abandonment of assignments of error**

Assignments of error not supported by reason or argument in appellant's brief are deemed abandoned.

**2. Mortgages and Deeds of Trust § 19— injunction to prevent foreclosure — sufficiency of evidence**

Under the terms of an escrow agreement, plaintiff, holder of a note secured by a purchase money deed of trust on certain property, was given the right to pay two superior construction loan deeds of trust on the property in case of default and to have that amount credited on a nonnegotiable note secured by a deed of trust on the property, which note and deed of trust were later assigned to defendants. The two construction loan deeds of trust were paid with funds received from a new long-term loan secured by a deed of trust on the property, default was made in payment of the new loan, and payments have been made by plaintiff to keep the new loan in current status. *Held:* In this action to restrain defendants from foreclosing the deed of trust assigned to it, the trial court properly found that the parties intended that the new long-term note and deed of trust be in substitution of the construction loan notes and deeds of trust, that plaintiff was therefore entitled to credit upon the nonnegotiable note held by defendant for payments which plaintiff made upon the new long-term loan, and that the note held by defendant is not in default when such credits are considered.

**3. Bills and Notes § 19— assignee of nonnegotiable note**

The assignee of a nonnegotiable note is not a holder in due course and takes the note subject to all defenses which might have been asserted against the payee.

**4. Mortgages and Deeds of Trust § 19— injunction to prevent foreclosure**

In this action to restrain defendants from foreclosing under a deed of

trust, defendants should not be permanently restrained from such fore-closure notwithstanding the evidence shows that the note secured by the deed of trust is not in default, since the note may become in default at some time in the future while defendants are still assignees thereof.

**5. Mortgages and Deeds of Trust § 20—  finding that mortgage lien is extinguished — necessary parties**

In this action to restrain defendants from foreclosing a deed of trust, the court erred in finding that the lien of a deed of trust held by a cor-poration which was not a party to the present action was extinguished by a merger of the legal and equitable title in the corporation, since the corporation would be a necessary party to any such adjudication.

APPEAL by defendant from a judgment by *Martin (Harry C.)*, *J.*, entered 23 October 1968, after a trial at the 1 April 1968 Session, BUNCOMBE Superior Court.

In the year 1960 H. L. Thrash, Jr., and Dewey R. Worley be-gan negotiations to purchase from Piney Mountain Properties a tract of land located on Tunnel Road in the City of Asheville, Buncombe County, North Carolina. Thrash and Worley also ne-gotiated with C. E. Hemingway relative to constructing a motel on said tract of land. Thrash and Worley later formed a corporation by the name of Host of America Motels of Asheville, Inc., for the purpose of owning and operating the motel; and Hemingway later formed a corporation by the name of Mohow, Inc., for the purpose of financing and constructing the motel. Although the early trans-actions were by the individuals, there is no controversy that the newly formed corporations succeeded to all the rights and liabili-ties of their respective organizers; therefore, all of the transactions will be treated as though made by the corporations.

For convenience, Piney Mountain Properties, Inc., will be re-ferred to as Piney Mt.; H. L. Thrash, Jr. and Dewey R. Worley and Host of America Motels of Asheville, Inc., will be referred to as Motel; and C. E. Hemingway and Mohow, Inc., will be referred to as Mohow.

On 14 December 1960 Piney Mt. conveyed the tract of land on Tunnel Road to Motel and Motel executed its note secured by a deed of trust for the purchase money. On 21 December 1960 Motel conveyed the property to Mohow.

By an instrument entitled Escrow Agreement dated 1 August 1961 Motel, Mohow and Piney Mt., agreed upon the financing for construction of the motel and the priority of the various liens of the deeds of trust which were described in the instrument, and the rights, liabilities and privileges of all three of the parties.

The Escrow Agreement contemplated that Mohow would secure construction money by note, or notes, secured by a deed of trust upon the property involved, and the agreement provided that Piney Mt. would subordinate the lien of its purchase money deed of trust to the lien of the construction loan deed of trust. The agreement further provided that in the event Mohow secured a long term permanent construction loan Mohow would give credit for the amount of the loan on the note which Motel was to execute and deliver to Mohow for the construction cost.

Although the Escrow Agreement mentioned construction loans from First Citizens Bank & Trust Co., Charlotte, and Durham Life Insurance Company, so far as the record discloses no such loans were obtained. Instead, Mohow negotiated construction loans from Cameron Brown ($275,000) and Knox Homes Corp. ($214,500), and Piney Mt. subordinated the lien of its purchase money deed of trust to the liens of the two construction loans. Thereafter Mohow reconveyed title to the property to Motel and Motel executed and delivered its note secured by deed of trust on the property involved to Mohow in the sum of $961,875. This note was to cover $506,250 as partial payment to Mohow for the construction of the motel, plus $455,625 as carrying charges over a fifteen-year period.

The Escrow Agreement provided that Piney Mt. would also subordinate the lien of its purchase money deed of trust to the lien of the deed of trust securing the note for $961,875 from Motel to Mohow; and Piney Mt. executed the subordination agreement.

The record is not clear as to why it was done, but Piney Mt. thereafter received three notes secured by deeds of trust upon the property involved in substitution for its original purchase money deed of trust.

Thereafter Mohow and Motel obtained a loan from Florida Capital Corp. ($165,000) evidenced by a note from Motel and Mohow, and secured by a deed of trust on the property involved. Next, a long term loan was negotiated with Goodyear Mortgage Company, and Motel executed its note in the sum of $672,000, secured by a deed of trust on the property involved. Simultaneously with the execution of the note and deed of trust by Motel to Goodyear Mortgage Company, Piney Mt. and Mohow executed an agreement which subordinated the liens of their security to the lien of Goodyear's security. The subordination agreement contained the following language: "IT IS EXPRESSLY UNDERSTOOD AND AGREED that except for such subordination, the Deeds of Trust now held by the respective

parties hereto, . . . and all and singularly the terms and conditions thereof shall be and remain in full force and effect."

The note for $961,875, secured by deed of trust on the property involved, which Motel had executed to Mohow, and to which Piney Mt. agreed to subordinate its security, provided that it was subordinate to the deeds of trust to Cameron Brown and Knox Homes Corp., and further provided that in case of default in payment to Cameron Brown or Knox Homes Corp., Piney Mt. would be entitled to pay those superior liens and receive *pro tanto* credit upon the $961,875 note and lien insofar as it affected Piney Mt.'s security.

Mohow purchased furniture and fixtures for the motel from National Theatre Supply Company, and executed and delivered to National Theatre Supply Company its unsecured note for $45,025.65 in payment of the costs of the furniture and fixtures. Thereafter, as collateral security for the $45,025.65 note, Mohow assigned to National Theatre Supply Company its $961,875 note and deed of trust from Motel.

There was default in the payment of the obligation to Goodyear Mortgage Company, and, in accordance with the provisions of its deed of trust, Goodyear notified Piney Mt. of the default. Piney Mt. instituted and completed foreclosure of its three deeds of trust (which were subordinated to the Mohow lien of $961,875 and the Goodyear lien of $672,000) and became the final purchaser at the foreclosure sale. Piney Mt. thereafter paid to Goodyear the sum of $76,662.99 to cover the arrears on Goodyear's note, and Piney Mt. has since made the monthly payments to Goodyear to maintain that note in current status, having paid at the time of the institution of this action a total of $119,223.03 on the Goodyear note.

Mohow defaulted in payment of its $45,025.65 note to National Theatre Supply Company and National Theatre Supply caused foreclosure proceedings to be instituted upon the $961,875 deed of trust which Mohow had assigned to it as collateral security.

Piney Mt. instituted this action to restrain the foreclosure by National Theatre Supply alleging credits due on the $961,875 note secured by the deed of trust based upon credits provided for in the Escrow Agreement, in the deed of trust to secure the $961,875 note, and in the agreement by Mohow and Piney Mt. to subordinate their liens to the Goodyear Mortgage lien. Piney Mt. also alleges other grounds for extinguishment of the Mohow lien, but they are not considered pertinent for purposes of this opinion. Also, there were

numerous conveyances, notes and deeds of trust, assignments, a receivership, negotiations, and correspondence which have been omitted from the foregoing summary of transactions, because we consider that those discussed are sufficient for disposition of this appeal.

After issuance of a temporary restraining order, which upon hearing was continued in effect until final trial, the case was, by agreement, heard by Judge Martin sitting without a jury. Judge Martin made extensive findings of fact, and concluded upon several grounds that National Theatre Supply Company was not entitled to foreclosure of the assigned deed of trust.

*Van Winkle, Walton, Buck, Wall, Starnes & Hyde, by Herbert Hyde; and Bennett, Kelly & Long, by Robert B. Long, Jr., for plaintiff appellee.*

*McGuire, Baley & Wood, by Richard A. Wood, Jr., and James T. Rusher; and Myers, Sedberry & Collie, by Charles T. Myers, for defendant appellant.*

BROCK, J.

**[2]**     The primary question for determination is whether the note and deed of trust to Florida Capital Corp. was in substitution, within the contemplation of the parties, of the note and deed of trust to Knox Homes Corp.; and whether the note and deed of trust to Goodyear Mortgage Company was in substitution, within the contemplation of the parties, of the notes and deeds of trust to Cameron Brown and Florida Capital Corp. If so, the recitations and provisions of the Escrow Agreement and the deed of trust from Motel to Mohow would apply equally to the deed of trust to Goodyear Mortgage Company.

**[1]**     Defendant filed an exception to a portion of finding of fact No. 24, which deals with the loan from Florida Capital Corp., and this is subject to its assignment of error No. 17. The portion of finding of fact No. 24 which is excepted to reads as follows:

> "That the monies borrowed by Mohow, Inc., and Host of America Motels of Asheville, Inc., were used to pay off the note executed by Mohow, Inc., in favor of Knox Homes Corporation, said note being secured by a deed of trust from Mohow, Inc., to Elmer Hilker, Trustee as aforesaid."

Defendant makes no argument or contention in its brief that there is no competent evidence to support this finding of fact, and since no reason or argument is stated in defendant's brief in support of

this assignment of error, it is deemed abandoned. Rule 28, Rules of Practice in the Court of Appeals of North Carolina. Therefore, for purposes of this lawsuit, it is established as a fact that the proceeds from the Florida Capital Corp. loan were applied to pay off the balance of the original construction loan from Knox Homes Corp.

**[1]**   Finding of fact No. 28 by the trial court is as follows:

"28.   That a portion of the proceeds from the loan by Goodyear Mortgage Corporation as aforesaid was applied to pay off the aforesaid note to Cameron-Brown Company, said note being secured by a deed of trust recorded in Deed of Trust Book 645 at Page 251 and the note to Florida Capital Corporation said note being secured by a deed of trust recorded in Deed of Trust Book 661 at Page 418."

Defendant filed an exception to this finding of fact and it is the subject of its assignment of error No. 20. However, defendant makes no argument or contention in its brief that there is no competent evidence to support this finding of fact, and since no reason or argument is stated in defendant's brief to support this assignment of error, it is deemed abandoned. Rule 28, *supra.*

**[2]**   Therefore, for purposes of this lawsuit, it is established as a fact that a portion of the proceeds from the Goodyear Mortgage Company loan was applied to pay off the original construction loans from Cameron Brown and Florida Capital Corp. (the proceeds from Florida Capital Corp. loan having been applied to pay the balance of the Knox Homes Corp. loan). The foregoing facts, when coupled with the recitals and provisions of the Escrow Agreement, with the provisions of the deed of trust from Motel to Mohow, and with the provisions of the subordination agreement executed by Piney Mt. and Mohow for the benefit of Goodyear Mortgage Company, clearly support the trial judge's finding of fact No. 30, which reads as follows:

"30.   That it was the intention of all parties to said deed of subordination and affected thereby that the transaction with Goodyear Mortgage Corporation and the said loan from Goodyear Mortgage Corporation was to be a substitution of capital for and in place of the liens paid off from the proceeds of the loan from Goodyear Mortgage Corporation, to wit: The loan from Cameron-Brown Company and the loan from Florida Capital Corporation, and that it was further the intention of all of the parties that all of said parties would retain all rights under the agreements and instruments theretofore entered into by them."

By findings of fact Nos. 37(a) and 37(b), to which no exceptions are taken, Judge Martin found, in effect, that at the time of the institution of this action the $961,875 note was not in default. These findings of fact are as follows:

"37(a). That the payments made on the note in the amount of $961,875.00 and the Goodyear note in the sum of $672,000.00 prior to the institution of this action totaled $241,100.86.

"37(b). That the total amount which could have been due on the Mohow note by its terms prior to the institution of this suit was in the sum of $224,437.50."

Absent an exception properly taken and assigned as error, this Court is bound by the findings of fact by the trial court. For purposes of this lawsuit those findings are conclusive.

[2-4] Therefore, having determined that the $961,875 note, secured by deed of trust, from Motel to Mohow was not in default by reason of the credits due thereon from the terms of the deed of trust itself, because the note and deed of trust to Goodyear Mortgage Company was in substitution of the original construction loan, it follows that we concur in the ruling of the trial judge that the substituted trustees under the $961,875 note should be restrained and enjoined from foreclosing under the deed of trust. National Theatre Supply Company is not a holder in due course of the $961,875 because by its terms it is a nonnegotiable note; therefore National Theatre Supply Company took the note subject to all defenses which might have been asserted against the payee. 1 Strong, N.C. Index 2d, Bills and Notes, § 19, p. 732. However, they should not be *permanently* restrained and enjoined for the reasons that it is possible that the $961,875 note may become in default at some time in the future while defendants are still assignees thereof. Therefore, we modify and affirm paragraph 1 of the Order of the trial judge to the extent that it should be modified to read as follows:

1. That the defendants, National Theatre Supply Company, a corporation; Clark C. Totherow and John R. Ingle, Substitute Trustees, be and they are hereby restrained and enjoined from foreclosing on the lands described in the deed of trust recorded in Deed of Trust Book 650 at Page 375 in the Buncombe County, North Carolina, Registry, from Host of America Motels of Asheville, Inc., to Jack T. Hamilton, Trustee for Mohow, Inc., the same being dated July 12, 1963, and recorded July 16, 1963, in the office of the Register of Deeds for Buncombe County, North Carolina, until such time as they can show that the note

secured by said deed of trust is in default, after considering the credits due upon said note by payments made upon the Goodyear Mortgage Company note.

[5]    Apparently paragraphs 2 and 3 of the Order of the trial court were entered as a result of the trial judge's conclusion that a merger of the legal and equitable title has occurred in Mohow, thereby extinguishing the lien of the deed of trust. Mohow is not a party to this action. The assignment of the $961,875 note was not of the full value thereof, but, on the contrary, it was assigned only as collateral security for the $45,025.65 note given by Mohow to defendant. Mohow would be a necessary party to a determination that the lien of its deed of trust to secure the $961,875 note had been extinguished by any merger of the legal and equitable title. Since Mohow is not a party to this action any adjudication in regard thereto was error. Therefore, we reverse that part of the Order set out in paragraphs 2 and 3, reading as follows:

> "2.    That the note in the sum of $961,875.00 from Host of America Motels of Asheville, Inc., to Mohow, Inc., be and the same is hereby declared to be null and void and of no effect; and that the deed of trust securing the same from Host of America Motels of Asheville, Inc., to Jack T. Hamilton, Trustee for Mohow, Inc., be and the same is hereby cancelled of record. AND IT IS FURTHER ORDERED that the defendants, National Theatre Supply Company, Clark C. Cotherow (sic) and John R. Ingle, Substitute Trustees, cancel the same of record.

> "3.    That the instrument recorded in Deed Book 931 at Page 39 be and the same is hereby cancelled of record."

We do not disturb paragraph 4 of the Order which taxes the cost of the action against the defendant.

Modified and affirmed in part.

Reversed in part.

CAMPBELL and MORRIS, JJ., concur.