PINEY MOUNTAIN PROPERTIES v. NATIONAL THEATRE SUPPLY COMPANY, A CORPORATION; CLARK C. TOTHEROW AND JOHN R. INGLE, SUBSTITUTE TRUSTEES

No. 6928SC193

(Filed 17 September 1969)

**1. Judgments § 15— judgment by default final — effect**

A judgment by default final as authorized by G.S. 1-211 establishes the matters adjudicated, if supported by verified allegations in the complaint, and concludes by way of estoppel.

**2. Judgments § 15— judgment by default final — effect on answering defendants**

In an action to restrain defendants from foreclosing under a deed of trust, judgment by default final against one defendant who failed to answer the complaint is held not to have prejudiced the rights of the answering defendants in their defense against plaintiff's allegations, the judgment by default final expressly providing that it did not adjudicate any rights between plaintiff and the answering defendants.

THE appeal in this case was originally argued 9 April 1969; and the decision of this Court (reported 4 N.C. App. 334, 166 S.E. 2d 840) was filed 30 April 1969 and certified to the Clerk of Superior Court of BUNCOMBE County on 12 May 1969.

The decision of this Court reversed in part the judgment of the trial court upon the grounds that Mohow, Inc., was not a party to the action. (4 N.C. App. 334, at 341, 166 S.E. 2d 840, at 845.)

The record on appeal shows that this action was instituted against the defendants named in the above caption on 13 January 1967. Also the record shows that on 24 March 1967 plaintiff filed a motion for leave to amend its complaint seeking to allege a cause of action against Mohow, Inc., and asking that Mohow, Inc., be made a party defendant. The motion to amend and the motion to make Mohow, Inc., a party defendant were allowed by appropriate order entered 24 March 1967. Because Mohow, Inc., failed to answer the complaint, plaintiff applied for and obtained, on 10 July 1967, a judgment by default final against Mohow, Inc. The said judgment by default final as it applies to Mohow, Inc., reads as follows:

"1. That the note in the sum of $961,875.00 made by Host of America Motels of Asheville, Inc. to Mohow, Inc. and the deed of trust securing the same recorded in Deed of Trust Book 650 at page 375 in the office of the Register of Deeds of Buncombe County be and the same is hereby declared to be a cloud on the title of plaintiff in so far as Mohow, Inc. . . . (is) concerned;

"2. That the said note and said deed of trust be and it is

hereby removed as a cloud on the title of the plaintiff in so far as any claim of ownership by Mohow, Inc. . . . (is) concerned and as to any claim of ownership by . . . (it) the same is declared null and void;

"3. That if the defendant National Theatre Supply Company, Inc. has any interest in the same, the same is hereby declared to be the only interest and that said note and deed of trust is extinguished except for the interest of National Theatre Supply Company, Inc., if any;

"4. That the question of the alleged interest of the defendant National Theatre Supply Company, Inc. in said note and deed of trust is specifically not passed on herein but the same is hereby retained to be later adjudicated;"

No appeal from this judgment was noted and no motion to set the same aside has been filed.

The case thereafter came on for trial at the 1 April 1968 Session, Buncombe Superior Court, after which judgment was entered on 23 October 1968, which judgment was the subject of the appeal heard in this Court on 9 April 1969.

On 9 June 1969 plaintiff petitioned this Court for rehearing upon the allegation that this Court had based its reversal of a portion of the judgment of the trial court upon the ground that Mohow, Inc., was not a party to the action, when, in fact, Mohow, Inc., had been made a party defendant on 24 March 1967. The petition to rehear was allowed by this Court on 18 June 1969 upon the following question:

"In view of the judgment by default final entered against Mohow, Inc., in this action on 10 July 1967, what status as a party to this action did Mohow, Inc., have at the time of the trial of issues between plaintiff and National Theatre Supply, and the entry of judgment by Martin, J., on 23 October 1968?"

The rehearing was docketed for the week of 25 August 1969 to be heard upon the foregoing question.

*Van Winkle, Buck, Wall, Starnes & Hyde, by Herbert L. Hyde; and Bennett, Kelly & Long, by Robert B. Long, Jr., for plaintiff appellee.*

*McGuire, Baley & Wood, by Richard A. Wood, Jr., and James T. Rusher; and Myers, Sedberry & Collie, by Charles T. Myers, for defendant appellant.*

BROCK, J.

[1] There is a distinct difference in a judgment by default final

as authorized by G.S. 1-211, and a judgment by default and inquiry as authorized by G.S. 1-212. *DeHoff v. Black,* 206 N.C. 687, 175 S.E. 179. A judgment by default final establishes the matters adjudicated, if supported by verified allegations in the complaint, and concludes by way of estoppel. *DeHoff v. Black, supra.* Judgment by default final, where there is no appeal or motion to set aside, concludes the controversy between plaintiff and defaulting defendant, and further proceedings between plaintiff and other defendants cannot adjudicate rights between plaintiff and the defaulting defendant against whom final judgment already had been entered.

[2]    Also, it is equally clear that default final judgment against Mohow, Inc., did not adjudicate any rights between plaintiff and the answering defendants. The judgment by default final against Mohow, Inc., in no way prejudiced the rights of the answering defendants in their defense against plaintiff's allegations.

We adhere to our decision as filed 30 April 1969 (reported 4 N.C. App. 334, 166 S.E. 2d 840).

CAMPBELL and MORRIS, JJ., concur.