RAWLEIGH, MOSES & CO., INC. v. CAPITAL CITY FURNITURE, INC.; RICHARD H. ROOS; PAUL B. SMYRE; DAVID J. NOLES; JOHN SHOOK; AND THEODORE MILLER

No. 7025SC590

(Filed 18 November 1970)

1. **Rules of Civil Procedure § 60— relief from default judgment — excusable neglect**

    An affidavit stating (1) that a default judgment had been entered against the affiant, who was 63 years old and semi-retired; (2) that, in addition to operating his own store, the affiant had been looking after the trucking business of his two nephews, who were both seriously ill; and (3) that as a result of these duties the affiant was under tremendous physical and mental strain at the time he was served with the summons and complaint and for several weeks thereafter, *held* insufficient to support an order setting aside the default judgment on the ground of excusable neglect. G.S. 1A-1, Rule 60(b)(1).

2. **Rules of Civil Procedure § 55— action against multiple defendants — default judgment against one defendant — setting aside judgment**

    In an action against the principal debtor under a factoring agreement and the five individual guarantors who were jointly and sev-

Rawleigh, Moses & Co. v. Furniture, Inc.

erally liable for the obligation created by the factoring agreement, it was proper for the trial court to set aside a default judgment that was entered against one of the individual guarantors and to order that the action proceed to trial on the pleadings filed by the plaintiff and the answering defendants; however, it was not proper for the trial court to permit the non-answering guarantor to file answer or other defensive pleadings, but the guarantor had to await the conclusion of trial for the entry of an appropriate judgment against him. G.S. 1A-1, Rule 55.

APPEAL by defendant Miller from *McLean, J.,* 3 August 1970 Regular Criminal Session, CATAWBA Superior Court.

This civil action was instituted by plaintiff appellant to recover sums of money advanced by it under an alleged factoring agreement with defendant Capital City Furniture, Inc. (Capital City). The complaint alleges that Capital City is the principal debtor and that the five individual defendants are guarantors of obligations created between plaintiff and Capital City under the factoring agreement.

Appellant alleges that as a result of the agreement aforesaid it purchased certain invoices from Capital City purporting to represent goods sold to the firm, corporation or person named in the invoices and that appellant has not been paid by either of those firms, corporations or persons, or by Capital City or by any guarantor. Appellant contends that Capital City and the individual defendants "are obligated to pay to the plaintiff, both collectively, individually, jointly and severally, the sum of $18,746.39, plus interest until the date it is paid."

Summons was issued and complaint filed on 4 June 1970 and personally served on defendant Miller, appellee, on 5 June 1970. On 8 July 1970, no answer, motion for extension of time or other defense pleading having been filed by appellee, appellant filed an affidavit and motion for default judgment; on the same day the clerk entered default judgment against appellee for the sum of $18,746.39. Thereafter, on 17 July 1970 appellee filed a motion asking that the judgment be set aside. Along with the motion appellee filed an affidavit stating that he was sixty-three years old and semi-retired; that he had two nephews whom he regarded as sons and who were both seriously ill; that due to his nephews' illnesses he had to operate not only his own general store but his nephews' trucking business; and that due to the things mentioned he was under tremendous physical and mental strain at the time the summons and complaint were served and for several weeks thereafter.

Following a hearing on the motion, an order was entered finding facts substantially as contended by appellee, and concluding that the default judgment was taken and entered against appellee through his mistake, inadvertence, and excusable neglect and that appellee has a meritorious defense against the action of plaintiff; the order decreed that the default judgment entered by the clerk be set aside and that appellee be permitted to file answer to the complaint and cross-action against the other defendants. Appellant appeals from the order.

*J. Carroll Abernethy, Jr. for plaintiff appellant.*

*Williams, Pannell and Matthews by Martin C. Pannell for defendant appellee.*

BRITT, Judge.

Appellee has moved in this court that the appeal be dismissed as being premature, contending that the order of Judge McLean is interlocutory rather than final. Assuming without deciding that appellee's contention is correct, we deem the questions raised sufficiently meritorious to be considered by us at this time, therefore, we treat the purported appeal as a petition for *certiorari*, allow the petition, and proceed to pass upon the questions presented.

[1]  First, we consider the question did the court err in setting aside the default judgment on the ground of excusable neglect as authorized by G.S. 1A-1, Rule 60(b)(1)? We hold that it did. Although this ground is set forth in the new Rules of Civil Procedure, it has long been recognized in this jurisdiction and our Supreme Court has spoken on the subject many times. A review of appellee's motion and affidavit impels us to conclude that appellee did not make out a case of excusable neglect any stronger than, if as strong as, the defendant made out in *Johnson v. Sidbury* 225 N.C. 208, 34 S.E. 2d 67 (1945). In that case, our Supreme Court upheld a default judgment rendered against the defendant, a medical doctor, which judgment was rendered when the defendant was under the pressure of adverse circumstances and unending demands for his professional services. We quote from the opinion as follows:

> "While his inattention and neglect are attributed to the similarity in the title of this case to a former action, and to his preoccupation in the duties of his profession, commendable and highly important though they were, we

Rawleigh, Moses & Co. v. Furniture, Inc.

do not think this should be held in law to constitute such excusable neglect as would relieve an intelligent and active business man from the consequences of his inattention, as against diligent suitors proceeding in accordance with the provisions of the statute." (Numerous citations)

[2] Next, we consider the question was the court justified in setting aside the default judgment on any ground? A study of the new rules and their interpretation by recognized authorities leads us to an affirmative answer to this question.

Default judgments in this jurisdiction are now governed by G.S. 1A-1, Rule 55, which appears to be a counterpart of Rule 55 of Federal Civil Procedure. Our Rule 55 (a) provides for an *entry* of default by the clerk; and Rule 55 (b) provides for rendition of judgment (1) by the clerk in certain cases and (2) by the judge in certain other cases. Proper procedure becomes complicated when there are several defendants and plaintiff in its complaint prays for judgment against the defendants jointly or jointly and severally. In Moore, Federal Practice and Procedure, Sec. 55.06. pp. 1819-21, we find the following:

"§ 55.06.   DEFAULT JUDGMENT WHERE THERE ARE SEVERAL DEFENDANTS.

Where there are several defendants a question may arise as to whether after entry of a default against one, a default judgment can be entered immediately against the defaulting defendant or whether entry must be postponed until all the defendants are in default or the case is tried as to the defendants not in default. The latter alternative is the correct procedure where the liability of the defendants is joint. In *Frow v. De La Vega,* (15 Wall 552, 554, 2 L. Ed. 60) the leading case, Justice Bradley stated:

\*     \*     \*     \*     \*     \*

'The true mode of proceeding where a bill makes a joint charge against several defendants, and one of them makes default, is simply to enter a default and a formal decree *pro confesso* against him, and proceed with the cause upon the answers of the other defendants. The defaulting defendant has merely lost his standing in court . . . But if the suit should be decided against the complainant on the merits, the bill will be dismissed as to all the defendants alike—the defaulter as well as

the others. If it be decided in the complainant's favor, he will then be entitled to a final decree against all.' (citations omitted)

"If, then, the alleged liability is joint a default judgment should not be entered against a defaulting defendant until all of the defendants have defaulted; or if one or more do not default then, as a general proposition, entry of judgment should await an adjudication as to the liability of the non-defaulting defendant(s). *This rule may also be applied with propriety where the liability is both joint and several or is in some other respect closely interrelated.* These are properly procedural rules whose objective is to attain a correct application of substantive law. In a non-federal matter the effect upon a defaulting defendant of an adjudication in favor of or against a defending party should, it seems, be a subject for state law to determine; and a subject to be determined independently of state law in a federal matter. Subject to those observations, the following are propositions that are quite generally accepted. If joint liability is decided against the defending party and in favor of the plaintiff, plaintiff is then entitled to a judgment against all of the defendants—both the defaulting and non-defaulting defendants. If joint liability is decided against the plaintiff on the merits or that he has no present right of recovery, as distinguished from an adjudication for the non-defaulting defendant on a defense personal to him, the complaint should be dismissed as to all of the defendants—both the defaulting and the non-defaulting defendants. In other words where joint liability is involved a successful defense, other than a personal one, inures to the benefit of a defaulting defendant. And where the liability is joint and several or closely interrelated and a defending party establishes that plaintiff has no cause of action or present right of recovery, this defense generally inures also to the benefit of a defaulting defendant." (citations omitted; emphasis added)

Absent specific provision on our statutes covering the question of default judgment where there are multiple defendants, we are inclined to follow what appears to be the federal practice in this case. We hold: (1) that the clerk properly made, or should make, an entry of default against defendant Miller, the appellee; (2) that the judgment of default final entered by the clerk was properly set aside by Judge McLean but not for the reasons stated in his judgment; (3) that appellee is not entitled to file answer or other defense pleading; (4) that the

action proceed to trial on its merits on the complaint and answers filed by non-defaulting defendants; (5) that appropriate judgment as to appellee be entered following the trial.

The judgment of the superior court is vacated and this cause is remanded for entry of judgment and for further proceedings consistent with this opinion.

Judgment vacated and cause remanded.

Judges CAMPBELL and HEDRICK concur.