PATRICIA HARRIS v. JOE H. CARTER; OLLIE CARTER AND EDDIE McNEIL

No. 7617SC733

(Filed 4 May 1977)

1. **Rules of Civil Procedure § 55— default entered against one defendant — liability of other defendants not determined thereby**

    Trial court properly denied plaintiff's motion for summary judgment made on the ground that default had been entered against defendant McNeil, defendants Carter and defendant McNeil were partners, and therefore defendants Carter were liable, since, even if it had been conclusively established that a partnership existed between the Carters and McNeil, the entry of default against McNeil would not have barred the Carters from asserting all defenses they might have to defeat plaintiff's claim.

2. **Negligence § 30— injury in building — person with duty to maintain — genuine issue of material fact — summary judgment improper**

    In an action to recover damages for personal injuries plaintiff received when she fell through a hole in the floor of a packhouse used for storing tobacco, there was a genuine issue as to the material facts bearing upon the true legal relationship between defendants Carter

and defendant McNeil where some of the evidence showed the relationship to be that of landlord and tenant while other evidence showed it to be a partnership.

**3. Negligence § 35— contributory negligence — genuine issues of material fact — summary judgment improper**

In an action to recover damages sustained by plaintiff when she fell through a hole in the floor of a packhouse used for storing tobacco, conflicting evidence as to plaintiff's knowledge of the defect in the floor raised a genuine issue of material fact on the question of whether she was contributorily negligent, and the trial court erred in granting defendants' motion for summary judgment.

APPEAL by plaintiff from *McConnell, Judge*. Orders entered 12 April 1976 in Superior Court, ROCKINGHAM County. Heard in the Court of Appeals 15 February 1977.

In this action plaintiff seeks to recover damages from defendants Joe H. Carter, Ollie Carter, and Eddie McNeil for personal injuries she received when she fell through a hole in the floor of a packhouse used for storing tobacco. The two Carter defendants owned the farm on which the packhouse was located; defendant McNeil lived and worked on the farm. Plaintiff alleged in her complaint the following four alternative causes of action: (1) that plaintiff was employed in connection with the production of tobacco by the two Carter defendants who were negligent in failing to maintain the packhouse floor in a safe condition and in failing to warn the plaintiff of its unsafe condition; (2) that the plaintiff was employed by the three defendants, who were engaged in the business, as a partnership, of raising tobacco and that all three were negligent in failing to maintain the packhouse in a safe condition; (3) that plaintiff was employed by defendant McNeil, who was renting the farm from the Carter defendants under a rental agreement which provided that the Carters were to keep the farm buildings in proper repair, and that defendants were negligent in failing to keep the farm buildings in proper repair; (4) that the Carter defendants, as owners, were negligent in failing to keep the packhouse in safe condition knowing full well that plaintiff and others would be walking upon its floor. The Carter defendants answered denying all material allegations in the complaint except that they owned the farm, alleging that the relationship between them and defendant McNeil was that of landlord-tenant, and pleading contributory negligence as a bar to plaintiff's recovery. An entry of default was filed against defendant McNeil.

---
Harris v. Carter
---

The Carter defendants moved for summary judgment on the grounds that a deposition which they had taken of plaintiff establishes her contributory negligence as a matter of law. Plaintiff responded to the motion asserting that the deposition excerpts defendants quoted were taken out of context, that other non-quoted portions of her deposition tend to contradict the quoted excerpts, that plaintiff misunderstood the questions asked, and that the depositions of other people support her position. Thereafter, plaintiff moved for summary judgment on the grounds that default had been entered against defendant McNeil and that testimony in depositions of McNeil, his wife, his son, and of plaintiff establishes that "Eddie McNeil, Ollie Carter, and Joe Carter, were engaged in business as partners" as a matter of law; thus, the Carter defendants are liable since defendant McNeil's liability had already been established by the entry of default against him. Defendants Carter filed a verified response to plaintiff's motion alleging that the relationship between them and McNeil was that of landlord-tenant rather than that of partners.

Plaintiff's motion for summary judgment was denied because it appeared to the court "that there is a genuine issue as to the material facts as to the relationship of the parties and that plaintiff is not entitled to Judgment as a matter of law on this issue." Defendants' motion for summary judgment was granted "on the grounds that by the plaintiff's own testimony as shown in her deposition she is contributorily negligent as a manner [sic] of law; that there is no genuine issue as to a material fact and that defendants Joe H. Carter and Ollie Carter are entitled to a Judgment as a matter of law." From these rulings, plaintiff appeals.

*Bethea, Robinson, Moore and Sands by Alexander P. Sands III for plaintiff appellant.*

*Gwyn, Gwyn & Morgan by Allen H. Gwyn, Jr., for defendant appellees.*

PARKER, Judge.

[1] Plaintiff first assigns error to the denial of her motion for summary judgment. Pointing to the entry of default against defendant McNeil, plaintiff's counsel state in their brief that "[i]t is the contention of the plaintiff that since liability has been established against one alleged partner, all that is neces-

---

Harris v. Carter

---

sary to establish the liability of the remaining partners individually is to establish the partnership." They then point to certain facts stated in depositions of McNeil, his wife, his son, and of plaintiff which they assert establish the existence of a partnership between the Carters and McNeil, and from these premises they argue that plaintiff was entitled to have summary judgment entered in her favor against the Carters. We do not agree.

At the outset, we note that plaintiff's counsel misapprehend the effect of the entry of default against defendant McNeil. Long ago the United States Supreme Court dealt with this problem in the leading case of *Frow v. De La Vega,* 15 Wall. 552, 21 L.Ed. 60 (1872). In that case the Court said (p. 554):

> "The true mode of proceeding where a bill makes a joint charge against several defendants, and one of them makes default, is simply to enter a default and a formal decree *pro confesso* against him, and proceed with the cause upon the answers of the other defendants. The defaulting defendant has merely lost his standing in court. He will not be entitled to service of notice in the cause, nor to appear in it in any way. He can adduce no evidence; he cannot be heard at the final hearing. But if the suit should be decided against the complainant on the merits, the bill will be dismissed as to all the defendants alike—the defaulter as well as the others. If it be decided in the complainant's favor, he will then be entitled to a final decree against all."

Default judgments in this jurisdiction are now groverned by G.S. 1A-1, Rule 55, which appears to be a counterpart of Rule 55 of the Federal Rules of Civil Procedure. Discussing the Federal Rule, the author of Moore's Federal Practice, after citing and quoting from *Frow v. De La Vega, supra,* said:

> "If, then, the alleged liability is joint a default judgment should not be entered against a defaulting defendant until all of the defendants have defaulted; or if one or more do not default then, as a general proposition, entry of judgment should await an adjudication as to the liability of the non-defaulting defendant(s). If joint liability is decided against the defending party and in favor of the plaintiff, plaintiff is then entitled to a judgment against all of the defendants—both the defaulting and non-defaulting defendants. If joint liability is decided against the plaintiff on

the merits or that he has no present right of recovery, as distinguished from an adjudication for the non-defaulting defendant on a defense personal as to him, the complaint should be dismissed as to all of the defendants—both the defaulting and the non-defaulting defendants." 6 Moore's Federal Practice, 2nd Ed., Paragraph 55.06, pp. 55-81, 55-82.

This Court has already held that, absent any specific provision in our North Carolina rules or statutes governing the situation where a default is entered or a default judgment is obtained in a case in which there are multiple defendants, we would follow the federal practice in this regard. *Rawleigh, Moses & Co. v. Furniture, Inc.,* 9 N.C. App. 640, 177 S.E. 2d 332 (1970). Thus, even though it had been admitted or otherwise conclusively established that a partnership existed between the Carters and McNeil, the entry of default against McNeil would not have barred the Carters from asserting all defenses they might have to defeat plaintiff's claim. This would also be true had default judgment, as distinguished from a mere entry of default, been obtained against McNeil. *See United States v. Borchardt,* 470 F. 2d 257 (7th Cir: 1972).

[2] Even if we consider plaintiff's motion for summary judgment as having been made on a more limited basis, not to determine liability of the Carters but to determine the existence *vel non* of a partnership between them and McNeil, we still find no error in the trial court's ruling denying the motion. Summary judgment is proper only when the moving party has shown that there is no genuine issue as to any material fact and such party is entitled to judgment as a matter of law. G.S. 1A-1, Rule 56(c). Here, although there is testimony in the depositions of McNeil, his wife, and his son which tends to show that a partnership existed between McNeil and the Carters, there is also evidence in this record to support the position of the defendants Carter that the true legal relationship between them and McNeil was that of landlord-tenant. Plaintiff herself alleged as much in her "Third Alternate Cause of Action" in her complaint. Moreover, plaintiff's evidence tending to show the existence of a partnership is contained primarily in the deposition of McNeil, and it is apparent from this record that McNeil, although nominally a defendant, is cooperating completely with the plaintiff in an attempt to further her cause against the Carters. Even so, there are portions of McNeil's deposition, as, for example,

where he speaks of having rented the house in which he lived on the farm, which tends to show a landlord-tenant relationship rather than a partnership. On this record we find there was a genuine issue as to the material facts bearing upon the true legal relationship between the Carters and McNeil. The trial judge properly denied plaintiff's motion for summary judgment.

[3]   Plaintiff also assigns error to the court's allowance of the Carter defendants' motion for summary judgment. The Carter defendants based their motions on certain deposition testimony given by plaintiff in which plaintiff stated that she noticed, about a week before the accident, that when one walked on the floor of the packhouse "the planks would wobble, it was weak." Defendants also cite the following testimony of plaintiff from her deposition:

"Q. Well, you didn't honestly feel that was unsafe did you?

A. Yes, I would walk on anything like that and it is unsafe to me.

Q. You did not think it was dangerous did you?

A. Yes, I really didn't want to work back there.

Q. Did you honestly feel it was dangerous?

A. Dangerous, unsafe, that is the way I will put it, it was unsafe."

Although this testimony certainly constitutes some evidence upon which a finding of contributory negligence could be made, plaintiff in her verified response to defendants' summary judgment motion asserts that the excerpts of the deposition testimony used by defendant were taken out of context. In support of her position, plaintiff points out certain testimony adduced in the deposition in which plaintiff stated that she did not notice anything unusual about the floor before the accident on 7 October 1972, that there was nothing before that date to lead her to believe that the floor was actually unsafe, but that after the accident she noticed the floor was weak. Thus, plaintiff's verified response offers some evidence contradicting defendants' assertion that "plaintiff was aware of the defect in the floor and that it was dangerous" at least a week before the action. The conflicting evidence as to plaintiff's knowledge of the defect raises a genuine issue of material fact on the question of whether she was contributorily negligent. Therefore, the court erred in al-

lowing defendants' motion for summary judgment and in dismissing the action.

For the reasons stated:

The Order denying plaintiff's motion for summary judgment is

Affirmed.

The order allowing defendants' motion for summary judgment is

Reversed, and this cause is remanded to the Superior Court for further proceedings.

Chief Judge BROCK and Judge ARNOLD concur.