S. E. HANNER AND WIFE, ERMA P. HANNER v. DUKE POWER COMPANY

No. 7721SC130

(Filed 21 December 1977)

Easements § 8.3— power line right-of-way—right to cut trees

The trial court properly granted summary judgment for defendant power company in an action to recover damages for the allegedly wrongful cutting of trees on a right-of-way granted by plaintiffs to the power company since the right-of-way agreement specifically gave the power company the right to clear trees from the right-of-way, plaintiffs' right to grow "crops" on the right-of-way did not include trees, and the power company by the terms of the agreement did not waive its right to cut the trees by agreeing at various times to allow trees under 16 feet tall to remain on the right-of-way.

APPEAL by plaintiff from *Collier, Judge.* Judgment entered 5 November 1976, in Superior Court, FORSYTH County. Heard in the Court of Appeals 6 December 1977.

Plaintiffs own, in Forsyth County, certain real property which is subject to a right-of-way granted to defendant in a 1941 agreement by plaintiffs' predecessor in title. The agreement, in pertinent part, provides that defendant power company has the right

"to keep said strip of land free and clear of any or all structures, trees and other objects of any nature except those placed in or upon same by the Power Company, its successors or assigns; with the right at all times to cut away all trees located upon said land outside of said strip, which if they should fall or be blown or cut down might strike any of said wires, poles, towers, lines, apparatus, appliances, or structures . . . provided that the failure of the Power Company, its successors or assigns, to exercise any of the rights herein granted shall not be construed as a waiver or abandonment of the right thereafter at any time, and from time to time, to exercise any or all of such rights.

"IT IS AGREED that the grantor(s) may use said strip of land for growing such crops and maintaining such fences as may not interfere with the use of said right of way by the Power Company for the purposes hereinabove mentioned."

Sometime prior to 1966, small trees began to grow on the right-of-way, and in April of that year, plaintiffs apparently spoke to employees of defendant, asking that the trees be allowed to grow. Between 1966 and 1975 plaintiffs spoke to defendant's employees on several more occasions, and the result was that the power company refrained from cutting any trees which were less than 16 feet tall. In early 1975, however, defendant, without notifying plaintiffs, went upon the right-of-way and cleared all of the growing trees.

Plaintiffs initiated this action to recover damages for the allegedly wrongful cutting of the trees. Defendant moved for summary judgment and from the granting of defendant's motion, the plaintiffs appeal.

*Henry C. Frenck for the plaintiff appellants.*

*Womble, Carlyle, Sandridge & Rice, by W. P. Sandridge, Jr., for defendant appellee.*

ARNOLD, Judge.

The sole question presented by plaintiff on this appeal is whether there is a genuine issue of material fact which will preclude summary judgment in favor of defendant. *See* G.S. 1A-1, Rule 56. Plaintiffs specifically argue that the contract of easement is an ambiguous contract which may be made certain by extrinsic evidence and which must be interpreted by a jury under proper instructions of the law. While plaintiffs' statement of the law regarding ambiguous contracts is correct, *Goodyear v. Goodyear*, 257 N.C. 374, 126 S.E. 2d 113 (1962), we do not find that the contract of easement in the present case is ambiguous.

Plaintiffs' argument that the word "crops" as used within the contract is ambiguous is clearly without merit. The contract specifically gave defendant the right to clear trees from the right-of-way, and plaintiffs' right to grow "crops" was specifically limited by this provision. By the terms of the contract, defendant

did not, by agreeing at various times to allow trees to remain, waive its right as stated in the contract.

Defendant did not deny any fact set forth by plaintiffs. There being no ambiguity in the written contract, and, consequently, no genuine issue of material fact, the rights of the parties became a question of law and summary judgment in favor of defendant was properly granted.

Affirmed.

Judges MORRIS and HEDRICK concur.