GATE CITY PRINTING, INC. v. GLACE-HOLDEN, INC., PHOENIX PRODUCTIONS, INC., ROBERT W. HOLDEN AND THOMAS E. GLACE

No. 8318DC389

(Filed 3 April 1984)

**Rules of Civil Procedure § 55— action against multiple defendants—postponement of summary judgment against defaulting defendants**

Where plaintiff sought to recover from all defendants jointly and severally for sales to the corporate defendants, entry of summary judgment against the defaulting corporate defendants should have been postponed until the conclusion of the action on the merits.

APPEAL by defendants Glace-Holden, Inc., and Phoenix Productions, Inc., from *Lowe, Judge.* Order entered 7 January 1983 in District Court, GUILFORD County. Heard in the Court of Appeals 6 March 1984.

*Benjamin D. Haines for plaintiff appellee.*

*Pearman, Pearman & Shumate by Richard M. Pearman, Jr., for defendant appellants.*

BRASWELL, Judge.

The corporate defendants appeal from the denial of their motion in the District Court to set aside a default judgment entered against them by the Clerk of Superior Court. There is a general exception only to the entry of the District Court judgment. Consequently, our review is limited to a determination of "whether the facts found and conclusions drawn support the judgment. Rule 10(a), Rules of Appellate Procedure." *In re Rumley v. Inman,* 62 N.C. App. 324, 324, 302 S.E. 2d 657, 657 (1983); *In re Taylor,* 293 N.C. 511, 519, 238 S.E. 2d 774, 778 (1977).

On 10 November 1982, plaintiff filed a complaint in which it alleged that there was a balance due it of $4,789.68 on a contract of sale to defendant Glace-Holden, Inc., and a balance due it of $9,944.51 on a contract of sale to defendant Phoenix Productions, Inc. The complaint further alleged that the individual defendants were the sole officers, directors, and shareholders of the two corporate defendants, which engaged in business operations in the same location, and were not separate entities. Plaintiff further alleged in its complaint that the corporate charter of defendant Glace-Holden had been suspended, that the two corporations were created for the purpose of defrauding creditors, and that the corporate defendants were the alter ego of the individual defendants. Plaintiff sought to recover from all defendants, jointly and severally, the sum of $14,734.19, with interest at the rate of 1½% per month on $9,944.51 from 1 August 1982 until paid, and interest at the rate of 1½% on $4,789.68 from 1 November 1982 until paid.

Summons and a copy of the complaint were personally served upon defendants Glace-Holden, Inc., Phoenix Productions, Inc., and Thomas E. Glace on 12 November 1982. Summons and a copy of the complaint were served upon defendant Robert W. Holden on 15 November 1982.

On 17 November 1982, defendant Robert W. Holden delivered the suit papers which had been served upon him to his attorney, who had been retained for all defendants. Holden, however, neglected to inform his attorney that the other defendants had been served earlier or to produce the suit papers served upon the other defendants.

On 14 December 1982, the clerk made an entry of default and entered a default judgment against defendants Glace-Holden, Phoenix Productions, and Thomas E. Glace for the sum of $14,734.19 with interest as prayed in the complaint. Defendant Robert Holden, however, upon motion, was allowed an extension of time in which to file answer.

The next day, defendants Glace-Holden, Phoenix Productions, and Thomas Glace filed a motion pursuant to Rule 60(b)(1), (4) and (6) for relief from the default judgment. After hearing the motion, the District Court made findings of fact and conclusions of law that the corporate defendants had failed to show a meritorious defense. It accordingly refused to set aside the entry of default and the default judgment entered against the corporate defendants. The court, however, found that the individual defendant, Thomas Glace, had shown excusable neglect and a meritorious defense, and ordered the entry of default and default judgment against him to be set aside.

This case is controlled by our decision in *Rawleigh, Moses & Co. v. Furniture, Inc.*, 9 N.C. App. 640, 177 S.E. 2d 332 (1970). In that case, suit was brought against a corporate debtor and five individual guarantors alleging that the defendants were " 'both collectively, individually, jointly and severally' " liable to the plaintiff for sums due under a factoring agreement. *Id.* at 641, 177 S.E. 2d at 332. An entry of default and a default judgment were entered by the clerk against one of the individual defendants for the full amount of the prayer for relief. Upon motion of the defaulting defendant, the default judgment was set aside based upon a showing of excusable neglect and a meritorious defense. Treating the appeal as a writ of certiorari, this Court held that although the trial court erred in setting aside the default judgment on the ground of excusable neglect, the trial court's setting aside of the default judgment was justified on other grounds. Following the federal practice, we held that when there are multiple defendants, and joint, or joint and several liability is alleged, the correct procedure is to postpone the entry of judgment against the defaulting defendant until the conclusion of the action on the merits.

Accordingly, we hold that the judgment of the District Court upholding the entry of default against the two corporate defend-

ants was proper and continues to stand. The corporate defendants are not entitled to answer or appear in the lawsuit. However, it was error for the District Court to refuse to set aside the default judgment against the two corporate defendants. Although the suit was for a sum certain, and ordinarily the granting by the Clerk of the default judgment after entry of default would have been the next step, here the final judgment of default must await the termination of the lawsuit against the two individual defendants because in this case the whole of the pleadings and theory of relief is joint and several liability. The burden of proof will still be upon the plaintiff at trial to establish the liability of all defendants, including the defaulting defendants, because the plaintiff has asserted as its theory of recovery the underlying concept of joint and several liability. *See Harris v. Carter*, 33 N.C. App. 179, 234 S.E. 2d 472 (1977); W. Shuford, N.C. Civil Practice and Procedure § 55-4 (2d ed. 1981). Following the conclusion of the trial against the two individual defendants the trial court shall also enter an appropriate default judgment against the two corporate defendants, the only appellants.

The default judgment only against the two corporate defendants is vacated, and this cause is remanded for further proceedings consistent with this opinion. The order of the District Court is

Vacated and remanded.

Judges ARNOLD and WELLS concur.