LARRY E. LEONARD, AND WIFE, BRENDA LEONARD (PLAINTIFFS-APPEL-LANTS) v. JAMES L. PUGH, AND WIFE, CONNIE W. PUGH; AND DENNIS W. McNAMES (TRUSTEE); AND WACHOVIA BANK & TRUST CO., N.A. (CO-TRUSTEE); AND MEREDITH S. FINCH (CO-TRUSTEE); AND THOMAS AUSTIN FINCH FOUNDATION; AND JAMES L. TENNANT (TRUSTEE); AND CHARLES W. WARDELL, AND WIFE, MARY M. WARDELL (DEFENDANTS-APPELLEES)

No. 8722SC15

(Filed 16 June 1987)

1. **Easements § 8.1— action to extinguish easement—language of contract ambiguous — 12(b)(6) dismissal improper**

The trial court erred by granting a motion to dismiss under N.C.G.S. § 1A-1, Rule 12(b)(6) by some of the defendants in an action to have an easement extinguished where plaintiffs allege that the easement was restricted to residential purposes and that defendants had violated that restriction, but the language of the easement was ambiguous. Ambiguous contracts must be interpreted by a jury under proper instructions of the law.

2. **Rules of Civil Procedure § 55— default judgment against less than all defendants — not entered before adjudication as to all defendants**

The trial court did not err by not entering judgment by default against the non-answering defendants in an action to have an easement extinguished. A default judgment in an action alleging a joint claim against more than one defendant should not be entered until all defendants have defaulted; if one or more do not default, then entry of default should await an adjudication as to liability of the nondefaulting defendants. N.C.G.S. § 1A-1, Rule 55.

APPEAL by plaintiffs from *Freeman, Judge*. Orders entered 28 August 1986 in Superior Court, DAVIDSON County. Heard in the Court of Appeals 3 June 1987.

This is a civil action wherein plaintiffs seek 1) to have an easement on their property located on East Main Street in Thomasville, North Carolina, "stricken from the public records" and 2) to recover damages from defendants James and Connie Pugh for

trespass. In their complaint filed 28 February 1986, plaintiffs alleged that their predecessors in interest to the tract had executed an instrument dated 22 April 1920 granting to T. A. and Ernestine Finch, the owners of the adjoining tract, and their heirs and assigns, "[t]he use of a passage along a certain alley or driveway, . . . extending from South Main Street in the town of Thomasville along the East side of the lot of T. A. Finch and Ernestine Finch which is to be used as a dwelling lot together with the right of free ingress, egress and regress, . . ." and a second instrument, dated 30 June 1937 extending the easement, granting "an additional one hundred ten (110) feet depth, . . . along the east side of the lot of T. A. Finch and Ernestine L. Finch in the town of Thomasville, which is used as a dwelling lot, . . " Plaintiffs further alleged that the grantors intended to limit the use of the easement to "residential purposes" and that their successors in interest, defendants James and Connie Pugh, had ceased to use the tract as a "dwelling lot" and were using it for commercial purposes. On 4 April 1986, defendants Dennis McNames, trustee of a deed of trust from the Pughs, Wachovia Bank & Trust Co. and Meredith S. Finch, co-executors of the estate of T. A. Finch, and the Thomas Austin Finch Foundation filed an answer and a motion to dismiss pursuant to G.S. 1A-1, Rule 12(b)(6). Defendants James and Connie Pugh, James Tennant, trustee of a second deed of trust executed by the Pughs, and Charles and Mary Wardell, the named beneficiaries in the second deed of trust, did not file an answer to plaintiffs' complaint, and the clerk entered default as to each of these defendants. On 16 May 1986, plaintiffs filed a motion in the superior court for judgment by default against the non-answering defendants.

On 11 August 1986, following a hearing on the issue of damages, the trial judge entered an order allowing plaintiffs' motion for judgment by default against defendants Pugh on the second claim alleged in the complaint, trespass, and awarding plaintiffs $237.50 in damages. On 28 August 1986, the trial judge entered orders granting the motion to dismiss of the answering defendants and denying plaintiffs' motion for default judgment against the non-answering defendants on its first claim alleged in the complaint, seeking to have the easement "stricken from the public records." From the orders entered on 28 August 1986, plaintiffs appealed.

*Ned A. Beeker for plaintiffs, appellants.*

*Womble Carlyle Sandridge & Rice, by Robert H. Sasser, III, for defendants, appellees Dennis W. McNames, Wachovia Bank and Trust Co., Meredith S. Finch and Thomas Austin Finch Foundation.*

*No brief for defendants, appellees James Pugh, Connie Pugh, James L. Tennant, Charles Wardell and Mary M. Wardell.*

HEDRICK, Chief Judge.

[1]  Plaintiffs first contend the trial court erred in granting the answering defendants' motion to dismiss pursuant to G.S. 1A-1, Rule 12(b)(6). Plaintiffs argue in support of this contention that the allegations in the complaint are sufficient to state a claim to have the easement across their tract extinguished. We agree.

A complaint is deemed sufficient to withstand a motion to dismiss pursuant to G.S. 1A-1, Rule 12(b)(6) where no insurmountable bar to recovery appears on the face of the complaint and the complaint's allegations give adequate notice of the nature and extent of the claim. *Deitz v. Jackson,* 57 N.C. App. 275, 291 S.E. 2d 282 (1982). A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that plaintiff could prove no set of facts in support of his claim which would entitle him to relief. *Property Owners Assoc. v. Curran and Property Owners Assoc. v. Williams,* 55 N.C. App. 199, 284 S.E. 2d 752 (1981), *disc. rev. denied,* 305 N.C. 302, 291 S.E. 2d 151 (1982).

In the present case, defendants Pugh hold an easement across plaintiffs' property pursuant to instruments executed by J. W. and Daisy Lambeth granting "the use of a passage along a certain alley or driveway, . . . along the East side of the lot of T. A. Finch and Ernestine Finch which is [used/to be used] as a dwelling lot. . . ." Plaintiffs argue that this language in the instruments restricts the use of the easement to residential purposes. Plaintiffs alleged in their complaint that defendants Pugh had ceased using the easement and lot for residential purposes and are now using it for commercial purposes, and that such use overburdens the easement across their property. Assuming *arguendo* that plaintiffs' interpretation of the language in the instruments is correct, plaintiffs' complaint has stated a claim to have

the easement extinguished. *See, Sparrow v. Tobacco Co.*, 232 N.C. 589, 61 S.E. 2d 700 (1950); 2 G. Thompson, REAL PROPERTY Sec. 444 (repl. ed. 1961). We find this language in the instruments so ambiguous, however, that we are unable to hold as a matter of law that it creates an easement which is restricted to use for residential purposes.

An easement is an interest in land and is generally created by deed; an easement created by deed is a contract. *Weyerhaeuser Co. v. Light Co.*, 257 N.C. 717, 127 S.E. 2d 539 (1962). The controlling purpose of the court in construing such contracts, is to determine the intent of the parties at the time it was made. *Id.* Where the language of a contract granting an easement is clear and unambiguous, the construction of the agreement is a matter for the court and reference to matters outside the contract itself is not required for a correct construction. *Price v. Bunn*, 13 N.C. App. 652, 187 S.E. 2d 423 (1972). However, if the language is uncertain or ambiguous, the court may consider all the surrounding circumstances, including those existing when the document was drawn, those existing during the term of the instrument, and the construction which the parties have placed on the language, so that the intention of the parties may be ascertained and given effect. *Century Communications v. Housing Authority of City of Wilson*, 313 N.C. 143, 326 S.E. 2d 261 (1985). Extrinsic evidence is admissible in such cases to explain the terms of a written agreement, but not to add to, distract from, or vary the terms. *Id.* Ambiguous contracts must be interpreted by a jury under proper instructions of the law. *Id.; Hanner v. Power Co.*, 34 N.C. App. 737, 239 S.E. 2d 594 (1977).

Since the nature of the easement granted in the instruments in the present case is unclear, the trial court erred in granting defendant's motion to dismiss.

[2] Plaintiffs further contend the trial court erred by not entering judgment by default on their claim to have the easement extinguished against the non-answering defendants. We disagree.

Where a complaint alleges a joint claim against more than one defendant, default judgment pursuant to G.S. 1A-1, Rule 55 should not be entered against a defaulting defendant until all defendants have defaulted; or if one or more do not default then, generally, entry of default judgment should await an adjudication

as to the liability of the non-defaulting defendants. *Harris v. Carter*, 33 N.C. App. 179, 234 S.E. 2d 472 (1977). If joint liability is decided against the defending party in favor of the plaintiff, the plaintiff is entitled to judgment against all defendants. *Id.* If, however, joint liability is decided against the plaintiff, the complaint should be dismissed as to all defendants. *Id.* In the present case, therefore, judgment on this claim against the non-answering defendants may be properly entered only if judgment is entered in favor of plaintiff against the answering defendants after further proceedings upon remand.

For the foregoing reasons, the orders dismissing plaintiffs' claim to have the easement extinguished are reversed and the cause is remanded to the Superior Court for further proceedings as to this claim.

Reversed and remanded.

Judges PHILLIPS and ORR concur.