Judges JOHNSON and COZORT concur.

---

JOHN HENRY SPAINHOUR & SONS GRADING COMPANY, PLAINTIFF v. CAROLINA E. E. HOMES, INC., SOUTHERN SINGLE FAMILY HOMES, INC. AND BOBBY J. SHELTON, DEFENDANTS

No. 9117DC1151

(Filed 2 March 1993)

1. **Judgments § 166 (NCI4th) — default judgment — allegation that three defendants jointly and severally liable — default judgment against one — improper**

The trial court erred by not setting aside a default judgment against defendant Shelton where the complaint alleged that all three defendants were jointly and severally liable. Where a complaint alleges a joint claim against more than one defendant, a default judgment pursuant to N.C.G.S. § 1A-1, Rule 55 should not be entered against a defaulting defendant until all defendants have defaulted; or, if one or more do not default then, generally, entry of default judgment should await an adjudication as to the liability of the non-defaulting defendants.

**Am Jur 2d, Judgments § 1192.**

2. **Judgments § 391 (NCI4th) — default judgment — motion to set aside — excusable neglect of defense counsel**

An entry of default and default judgment against defendant Shelton were vacated where defendant Shelton was the

JOHN HENRY SPAINHOUR & SONS GRADING CO. v. CAROLINA E.E. HOMES

[109 N.C. App. 174 (1993)]

President of defendants Carolina E. E. Homes, Inc. and Southern Single Family Homes, Inc.; the parties to this action entered an agreement requiring Carolina E. E. Homes and Southern Single Homes to pay plaintiff $60,000 as the outstanding balance due plaintiff for work on a condominium project; defendant Shelton signed the agreement on the line reserved for Carolina E. E. Homes, Inc. and on the line reserved for Southern Single Family Homes; Shelton did not place any designation such as his office or title next to his signature; plaintiff filed a complaint alleging that the three defendants were jointly and severally liable for failure to pay according to the terms of the agreement; defendants' attorney filed an application for extension of time to file an answer; the application referred to Carolina E. E. Homes, Inc., by and through its President, Bobby Shelton; an entry of default and default judgment was filed against Bobby Shelton; and defendant argues that the application and the order for an extension of time, both contained in a single document, are ambiguous as to whether they apply only to Carolina Homes or to both Shelton and the corporation and that default was entered solely as the result of the excusable neglect of his counsel, rather than Shelton himself. Given that the law generally disfavors default judgments, there is no compelling reason for the neglect of defendant Shelton's attorney to be imputed to defendant Shelton.

**Am Jur 2d, Judgments §§ 858, 1154.**

**Opening default or default judgment claimed to have been obtained because of attorney's mistake as to time or place of appearance, trial, or filing of necessary papers. 21 ALR3d 1255.**

Appeal by defendant from orders filed 13 August 1991 by Judge Clarence W. Carter and 9 September 1991 by Judge O.M. Oliver in Stokes County District Court. Heard in the Court of Appeals 22 October 1992.

This case presents questions regarding the entry of default and the entry of a default judgment against defendant Bobby J. Shelton. Defendant Shelton is the President of defendants Carolina E.E. Homes, Inc. and Southern Single Family Homes, Inc. On 15 July 1988, the parties to this action entered the following agreement:

This agreement entered into between John Henry Spainhour & Sons Grading Company and Carolina E.E. Homes Inc. & Southern Single Family Homes, Inc. and further described as pertaining to a 32 unit condominium project called Oakmont located on Deep River Rd. in High Point, N.C.

Carolina E.E. Homes & Southern Single Homes agrees to pay John Henry Spainhour & Sons Grading Co. the sixty thousand dollars in addition to monies already received. This sixty thousand dollars is the full outstanding balance due John Henry Spainhour & Sons Grading Co. and his suppliers and subcontractors who have provided materials and labor for this Oakmont project. These supplies [sic] and subcontractors are Pyco (or A&P Pipe Co.), Jimmy Huffin, (dba as Duplin Controctor [sic]), and any others.

This $60,000 will be paid not later than 30 days from the date of this agreement. In the avent [sic] these monies have not been paid in full in thirty days the balance will be increased by $5,000.00 five thousand dollars and interest will accrue at an annual rate of 12% and due in full in 120 days.

/s/ Bobby J. Shelton
    Carolina E.E. Homes Inc.

/s/ John Henry Spainhour
    John Henry Spainhour & Sons Grading Co.

/s/ Bobby J. Shelton
    Southern Single Family Homes Inc.

Bobby J. Shelton's signature appeared twice on the agreement: once on the line reserved for defendant "Carolina E.E. Homes Inc." and once on the line reserved for "Southern Single Family Homes Inc." Shelton's signature was the only signature appearing on each of these lines, but Shelton did not place any designation such as his office or his title next to his signature. The agreement was sworn to and subscribed before a notary public.

Plaintiff filed a complaint on 30 May 1991, alleging that the three defendants, Carolina E.E. Homes, Inc., Southern Single Family Homes, Inc., and Bobby J. Shelton, were jointly and severally liable for their failure to pay according to the terms of the agreement. In his brief, Shelton claims that he signed "only in his capacity as an officer of the corporate defendants. . . . the identities

JOHN HENRY SPAINHOUR & SONS GRADING CO. v. CAROLINA E.E. HOMES

[109 N.C. App. 174 (1993)]

of which are disclosed on the face of the contract." On 8 July 1991, William G. Ijames, Jr., signing as "Attorney for the Defendants," filed an "application for extension of time to file answer to plaintiff's complaint." The application read as follows:

THE DEFENDANT, CAROLINA E.E. HOMES, INC. by its President, BOBBY J. SHELTON, by and through counsel, show the Honorable Court that the time for filing an Answer to the Plaintiff's Complaint which was served on the Defendant, Bobby J. Shelton as agent for Carolina E.E. Homes, Inc. by the Davie County Sheriff's Dept. on June 13, 1991, has not expired and moves the Honorable Court for an Extension of thirty (30) days for the reason that counsel for the Defendant, CAROLINA E.E. HOMES, INC. has not had sufficient time to prepare the answers.

The undersigned states that this action is made in good faith and not for the purposes of delay.

At the bottom of the application page, the Clerk of Stokes County Superior Court signed the following order:

ORDER EXTENDING TIME

FOR CAUSE shown in the foregoing application, it is therefore ORDERED that the applicant be allowed through and time be extended through the 8th day of August, 1991, to file Answer to Plaintiff's Complaint.

On 16 July 1991, plaintiff's attorney filed an affidavit containing the following statements:

3. That the time for filing Answer or other pleadings allowed by the North Carolina Rules of Civil Procedure has expired without any pleading or appearance by the defendant, Bobby J. Shelton, in this matter; that no Answer or other pleading has been filed and the plaintiff is otherwise entitled to a judgment by default against defendant Bobby J. Shelton;

4. That this suit is brought for compensatory damages in the amount $49,284.45, together with interest at the rate of one percent (1%) from May 15, 1991 through July 14, 1991 in the amount $985.68, the costs of this action, and such other and further relief as to the Court seems just and proper;

JOHN HENRY SPAINHOUR & SONS GRADING CO. v. CAROLINA E.E. HOMES

[109 N.C. App. 174 (1993)]

5. That the defendant, Bobby J. Shelton, is sui juris in all respects; and this defendant has failed and neglected to pay damages.

On 16 July 1991, an entry of default and a default judgment were entered against defendant Shelton by the Clerk of Stokes County Superior Court. On 2 August 1991, attorney William G. Ijames, Jr., filed an answer on behalf of defendant Shelton and filed a motion to set aside the entry of default and default judgment pursuant to G.S. § 1A-1, Rule 60(a) and (b). In the motion, Ijames stated that

2. The reason for the setting aside of the Entry of Default and the Default Judgment was due to the mistake or inadvertence of the attorney in filing for an extension of time in that the attorney intended to file an extension for Carolina E.E. Homes, Inc. and Bobby J. Shelton and did file an extension for Carolina E.E. Homes, Inc. and in fact thought he had filed an extension for Carolina E.E. Homes, Inc. and Bobby J. Shelton see [sic] Affidavit attached.

3. A second reason is that based on the pleadings there was no basis for there being an Entry of Default or Default Judgment being entered in that the defendant, Bobby J. Shelton, was not individually involved in the "Exhibit A" [the 15 July 1988 agreement] of the Complaint nor was he mentioned in the bill of plaintiff to Carolina E.E. Homes and Southern Single Homes which was attached to the Complaint. Based on the pleadings this was a void judgment.

Ijames attached an affidavit to the motion stating his belief that he had "properly filed an extension of time" for defendant Shelton and that his [Ijames'] "failure to say the extension of time was also for Bobby J. Shelton was a mistake and was inadvertent on my part." On 7 August 1991, Ijames filed an answer and counterclaim on behalf of defendant Carolina E.E. Homes, Inc. On 13 August 1991, defendant Shelton filed an affidavit which contained the following statements:

2. That I had requested my attorney, William G. Ijames, Jr., to file an extension in this matter on behalf of myself, Bobby J. Shelton, and I contacted him at the same time to do this that I contacted him to file an extension of time for Carolina E.E. Homes, Inc., which was mailed out on July 3, 1991.

3. That at the time of the making of the contract in Exhibit A of the Complaint of the plaintiff I was solely acting as the agent of the corporations in my capacity as President of said Corporations.

On 13 August 1991, the trial court denied defendant Shelton's motion to set aside the entry of default and default judgment, finding that there was no evidence of an effort by defendant Shelton to defend the case, that there was no showing of a meritorious defense, and that the neglect of the attorney should be imputed to defendant Shelton. On 9 September 1991, the trial court denied defendant Shelton's motion to alter or amend the trial court's 13 August 1991 order denying defendant Shelton relief from the 16 July 1991 entry of default and default judgment. Defendant Shelton appeals.

*Theodore M. Molitoris and Robert S. Blair, Jr., for plaintiff-appellee.*

*Bailey & Dixon, by Gary S. Parsons, Patricia P. Kerner, and Kenyann Brown Flippin, for defendant-appellants.*

EAGLES, Judge.

Defendant Shelton argues that the trial court erred by failing to set aside the default judgment and the entry of default. We agree.

I.

[1]   Initially, we note that the entry of a default judgment against defendant Shelton by the Clerk of Stokes County Superior Court was improper. Plaintiff argues that the entry of default judgment was proper because defendant Shelton was acting individually rather than as an agent of the corporation and that the general rule on default judgments is applicable. However, plaintiff overlooks the fact that the complaint alleged that all three defendants were jointly and severally liable. In *Harris v. Carter*, 33 N.C. App. 179, 182-83, 234 S.E.2d 472, 474-75 (1977), this Court held:

Default judgments in this jurisdiction are now groverned [sic] by G.S. 1A-1, Rule 55, which appears to be a counterpart of Rule 55 of the Federal Rules of Civil Procedure. Discussing the Federal Rule, the author of Moore's Federal Practice, after citing and quoting from *Frow v. De La Vega* [15 Wall. 552, 21 L.Ed. 60 (1872)], *supra*, said:

"If, then, the alleged liability is joint a default judgment should not be entered against a defaulting defendant until all of the defendants have defaulted; or if one or more do not default then, as a general proposition, entry of judgment should await an adjudication as to the liability of the non-defaulting defendant(s). If joint liability is decided against the defending party and in favor of the plaintiff, plaintiff is then entitled to a judgment against all of the defendants — both the defaulting and non-defaulting defendants. If joint liability is decided against the plaintiff on the merits or that he has no present right of recovery, as distinguished from an adjudication for the non-defaulting defendant on a defense personal as to him, the complaint should be dismissed as to all of the defendants — both the defaulting and the non-defaulting defendants." 6 Moore's Federal Practice, 2nd Ed., Paragraph 55.06, pp. 55-81, 55-82.

This Court has already held that, absent any specific provision in our North Carolina rules or statutes governing the situation where a default is entered or a default judgment is obtained in a case in which there are multiple defendants, we would follow the federal practice in this regard. *Rawleigh, Moses & Co. v. Furniture, Inc.*, 9 N.C. App. 640, 177 S.E.2d 332 (1970).

*See Leonard v. Pugh*, 86 N.C. App. 207, 210-11, 356 S.E.2d 812, 815 (1987) ("[w]here a complaint alleges a joint claim against more than one defendant, default judgment pursuant to G.S. 1A-1, Rule 55 should not be entered against a defaulting defendant until all defendants have defaulted; or if one or more do not default then, generally, entry of default judgment should await an adjudication as to the liability of the non-defaulting defendants."). Accordingly, the trial court erred by not setting aside the default judgment against defendant Shelton.

II.

[2]   Next, we address the entry of default against defendant Shelton. Defendant Shelton argues that the application and the order for extension of time to answer (both contained in a single document) "are ambiguous as to whether they apply only to Carolina Homes or to both Shelton and the corporation" and that "default was entered solely as the result of the excusable neglect of his counsel, rather than Shelton himself. Shelton reasonably relied on counsel

JOHN HENRY SPAINHOUR & SONS GRADING CO. v. CAROLINA E.E. HOMES

[109 N.C. App. 174 (1993)]

to obtain an extension of time in which to plead, and his counsel's failure to do so should not be imputed to him." We agree.

"Entry of default and judgment by default would be improper where defendants showed 1) excusable neglect in failing to timely file a responsive pleading and 2) a meritorious defense to plaintiff's claim. *See* G.S. 1A-1, Rule 60(b)(1), North Carolina Rules of Civil Procedure." *N.C.N.B. v. McKee*, 63 N.C. App. 58, 61, 303 S.E.2d 842, 844 (1983). Regarding the term "excusable neglect," in *Norton v. Sawyer*, 30 N.C. App. 420, 424-25, 227 S.E.2d 148, 152, *disc. review denied*, 291 N.C. 176, 229 S.E.2d 689 (1976), this Court stated:

> Excusable neglect is something which must have occurred at or before entry of the judgment, and which caused it to be entered. What occurred after the entry of the default judgment is not to be considered except as it relates to whether the motion to vacate was made in "reasonable time."

> The distinction between the neglect of parties to an action and the neglect of counsel is recognized by our courts, and except in those cases in which there is a neglect or failure of counsel to do those things which properly pertain to clients and not to counsel, and in which the attorney is made to act as the agent of the client to perform some act which should be attended to by him, the client is held to be excusable for the neglect of the attorney to do those things which the duty of his office of attorney requires. *It was the duty of the attorney to file the defendant's answer. The client is not presumed to know what is necessary.* When he employs counsel and communicates the merits of his case to such counsel, and the counsel is negligent, it is *excusable* on the part of the client, who may reasonably rely upon the counsel's doing what may be necessary on his behalf.

(Emphasis added.) (Citations omitted.)

Here, defendant filed a motion to set aside the entry of default and default judgment pursuant to G.S. 1A-1, Rule 60. This motion included an explanation of the "mistake or inadvertence of the attorney in filing for an extension of time" and set forth the defense "that the defendant, Bobby J. Shelton, was not individually involved in the 'Exhibit A' of the Complaint nor was he mentioned in the bill of plaintiff to Carolina E.E. Homes and Southern Single Homes which was attached to the Complaint." Both defendant Shelton

and his attorney filed affidavits explaining the mistake. In the order denying the motion, the trial court stated that:

> 4. The record contains no information concerning the defendant's relationship with his attorney, no evidence of his effort or diligence in pursuit of the defense of this case prior to the entry of the Default Judgment and, therefore, there is insufficient evidence upon which to grant a Motion pursuant to Rule 60 concerning this defendant's excusable neglect and further the neglect of his attorney, if any, is imputed to him showing on this defendant's part of his own inexcusable conduct in handling the legal defense of this matter.

Thereafter, defendant filed a "motion to alter or amend order." This motion was verified by defendant Shelton and his attorney and was accompanied by another affidavit from defendant Shelton. The verified motion stated that 1) defendant had a meritorious defense; 2) the entry of default and default judgment arose from the excusable neglect of defendant's counsel; and 3) Shelton "diligently and assiduously responded to any and all requests for information and cooperation. . . . [and] kept himself fully advised of all information regarding the status of this proceeding through Movant's counsel and at no time has failed to respond appropriately and timely to any directions, inquiries, or instructions from Movant's counsel regarding appropriate measures to be taken in defense of this proceeding." Additionally, defendant Shelton's affidavit set forth his defense and stated the following:

> 3. In apt time before expiration of time for filing and service of answer, pleadings, or motions in response to Plaintiff's Complaint in this action, Affiant delivered copies of the summonses and the Complaint to Piedmont Legal Associates (PLA) and requested that PLA represent Affiant and Defendant, Carolina E.E. Homes, Inc., in this action.

> 4. PLA agreed to represent Affiant and Carolina E.E. Homes, Inc., and, according to Affiant's understanding, proceeded to obtain an extension of time in which to file and serve appropriate responsive pleadings in this proceeding.

> 5. Well before the extended deadline communicated to Affiant by PLA for filing and service of responsive pleadings, Affiant met with PLA and conveyed to them all necessary information to prepare an appropriate answer and other proper

responsive pleadings to this proceeding and was advised by PLA that these pleadings would be prepared and filed in a timely and appropriate manner.

6. In reliance upon his understanding that PLA would timely file and serve appropriate responsive pleadings, Affiant entrusted responsibility for filing and service of those pleadings to PLA.

. . . .

10. Affiant has timely responded to all requests for information to prepare responsive pleadings addressed to him by PLA, and has communicated regularly with PLA in preparation for his defense of his action.

11. PLA understood, according to information and belief supplied to Affiant, that PLA had obtained an appropriate extension of time on Affiant's behalf to plead beyond and including the date Affiant's Answer was filed. Affiant relied upon these representations and understanding and reviewing and supervising the defense of his individual interest in this action.

Given that the " 'law generally disfavors default judgments, [and] any doubt should be resolved in favor of setting aside an entry of default so the case may be decided on its merits,' " *Beard v. Pembaur*, 68 N.C. App. 52, 56, 313 S.E.2d 853, 855, *disc. review denied*, 311 N.C. 750, 321 S.E.2d 126 (1984) (citations omitted), we conclude that there is no compelling reason for the neglect of defendant Shelton's attorney to be imputed to defendant Shelton.

Accordingly, the entry of default and default judgment against defendant Shelton are vacated and this cause is remanded to District Court for further proceedings.

Vacated and remanded.

Judges ORR and JOHN concur.