CHICAGO TITLE INSURANCE CO., PLAINTIFF v. ALFRED WETHERINGTON, DEFENDANT

No. COA96-1455

(Filed 7 October 1997)

1. **Adverse Possession § 1 (NCI4th)— residence tract— actual, exclusive and continuous possession—statutory period—acquisition of title**

   There was no error in the trial court's conclusion that a couple who resided on the property in question acquired title to the property by adverse possession where the court found that the residents (1) had actual, exclusive and continuous possession for the statutory period, (2) had exercised domain over the premises and generally engaged in activities consistent with the ownership of a rural home site, and (3) had obtained three separate loans which were secured by deeds of trust on the residence tract.

2. **Quieting Title § 28 (NCI4th)— cloud on title—prima facie case**

   Plaintiff title insurer established a prima facie case for removing a cloud on title by showing that plaintiff title insurer had an interest in the residence tract in question by virtue of having acquired title from another party and that defendant has asserted an interest adverse to that of plaintiff by contending that the original deed from defendant and his wife to plaintiff's predecessors in title was void because it contained an ambiguity in description and was a deed of gift that was not timely recorded.

**3. Deeds § 15 (NCI4th)— ambiguity in description—parties aware of location—deed not void**

The trial court's finding and conclusion that the original deed from defendant to plaintiff's predecessors in title was void because of an ambiguity in the beginning point in the description were erroneous in this action to remove cloud on title because there was ample evidence to show that defendant grantor intended to convey a .38-acre residence tract to the grantees and that defendant and the grantees were aware of the location of this tract despite the ambiguous description.

**4. Deeds § 17 (NCI4th)— recitation of consideration—not deed of gift**

The trial court erred by finding that a deed was a deed of gift and void because it was not recorded within two years of its execution where the deed recited a consideration of $10.00 and other good and valuable consideration, and defendant failed to overcome the presumption that the recital of consideration in the deed was correct.

Appeal by defendant from Order entered 15 March 1996 by Judge W. Osmond Smith, III in Craven County Superior Court. Heard in the Court of Appeals 25 August 1997.

*Everett, Warren, Harper & Swindell, by Edward J. Harper, II, for plaintiff-appellee.*

*Henderson, Baxter & Alford, P.A., by David S. Henderson and Brian J. Gatchel, for defendant-appellant.*

WALKER, Judge.

By deed dated 14 October 1959, defendant and his wife conveyed to William S. Wetherington and his wife, Canarie Lee Wetherington (the Wetheringtons), a .38-acre tract of land in Craven County (the residence tract). The deed contained the following description of the tract:

That certain lot, tract or parcel of land situate[d], lying and being in No. 1 Township, Craven County, North Carolina, and being bounded on the north by the River Road and on the east, south and west by the lands of Alfred Wetherington and BEGINNING at a stake on the south side of the River Road, said [stake] being located 20 feet from the center line of said road, and running

thence South 11 deg. 15 min. East, 125 feet to a stake; thence South 78 deg. 45 min. West, 131 feet to a stake; thence North 11 deg. 15 min. West 125 feet to a stake on the side of said road and 20 feet from the center line of said road; thence with the side of said road North 78 deg. 45 min. East 131 feet to the beginning and containing 38/100 of an acre of land, more or less.

The deed was later recorded on 11 June 1963. The description set out above correctly described a .38-acre tract; however, because the description of the beginning point was incorrect, the tract could not be precisely located on the ground. Despite the problem associated with locating the beginning point, a subsequent survey was conducted in 1988 where the .38-acre residence tract was located within a 16-acre tract which was owned by defendant. The surveyor testified at trial that when he went onto the property to conduct the survey, he observed the Wetheringtons' house and other improvements on the residence tract. By using information obtained from the previous deeds and from the tax office, he was able to locate all the improvements within the described boundaries. Thus, the .38-acre residence tract described in the original deed and in the subsequent survey in 1988 are the same, except that the beginning point has been more accurately described.

The trial court found that the Wetheringtons entered into possession of the residence tract in 1962 and continued to occupy it until their separation and divorce in 1984. Since their divorce, Canarie Wetherington has occupied the residence tract.

After becoming the owner of the residence tract, the Wetheringtons obtained three separate loans from the Federal Land Bank of Columbia (the lender) which were secured by deeds of trust on the residence tract. Each deed of trust contained the same property description as the original deed.

In 1986, the Wetheringtons defaulted on the third note and the lender initiated a foreclosure proceeding. Acting pursuant to the power of sale clause contained in the deed of trust, the lender purchased the property at the foreclosure sale and obtained a title policy insured by plaintiff. Subsequently, in 1991, the lender's successor in interest, Farm Credit Bank of Columbia, conveyed the property to East Carolina Farm Credit, ACA (ACA).

As a result of the ambiguous description in the deed and pursuant to the terms of the title insurance policy, the plaintiff was required to

pay ACA the sum of $46,562.93. In return for such payment, ACA conveyed the residence tract to plaintiff.

Plaintiff instituted the present action on 20 April 1992, claiming breach of warranty, removal of cloud on title, adverse possession, unjust enrichment, and reformation of deed. Plaintiff asked the court to declare it to be the record owner of the residence tract and to have the deed reformed to reflect the proper description of the property.

After a hearing, the trial court made extensive findings and the following conclusions of law: (1) that the Wetheringtons did not become the owners of the residence tract by virtue of the 1959 deed from defendant because the description was patently ambiguous, and the deed of gift was not recorded within two years; (2) that by at least the end of 1982, the Wetheringtons had obtained title to the residence tract by virtue of adverse possession; and, (3) that plaintiff was the owner of the residence tract, free and clear of any claims of the defendant.

The trial court awarded the residence tract to plaintiff on the basis of adverse possession. Although we affirm the trial court's decision, we find that plaintiff's evidence also supports a judgment declaring that title be quieted in favor of plaintiff and that defendant has no right, title, or interest in the residence tract.

In all actions tried without a jury, the trial court is required to make specific findings of fact, state separately its conclusions of law, and then direct judgment in accordance therewith. N.C. Gen. Stat. §1A-1, Rule 52(a)(1) (1990). It is well settled law that although the sufficiency of the evidence to support the trial court's findings may be raised on appeal, the "appellate courts are bound by the trial courts' findings of fact where there is some evidence to support those findings, even though the evidence might sustain findings to the contrary." *In re Montgomery*, 311 N.C. 101, 110-111, 316 S.E.2d 246, 252-253 (1984).

**[1]** In order to acquire title to land through adverse possession, a party must show actual, open, hostile, exclusive and continuous possession of the land claimed for twenty years under known and visible boundaries. *Curd v. Winecoff*, 88 N.C. App. 720, 722, 364 S.E.2d 730, 732 (1988). The trial court made the following extensive findings: (1) that the Wetheringtons had actual, exclusive and continuous possession for the statutory period; (2) that the Wetheringtons had exer-

cised dominion over the premises and "generally engaged in activities consistent with the ownership of a rural home site;" and (3) that they had obtained three separate loans which were secured by deeds of trust on the residence tract. Therefore, we find no error in the trial court's conclusion that the Wetheringtons acquired title to the residence tract by adverse possession.

[2] In its second claim for relief, plaintiff alleges that the existence of the ambiguity in the deed from defendant to the Wetheringtons constituted a cloud on the title and asked the trial court to quiet title for plaintiff. An action to remove a cloud on title:

> [M]ay be brought by any person against another who claims an estate or interest in real property adverse to him for the purpose of determining such adverse claims . . ., and a decree for the plaintiff shall debar all claims of the defendant in the property of the plaintiff then owned or afterwards acquired. . . .

N.C. Gen. Stat. §41-10 (1996). In order to establish a *prima facie* case for removing a cloud on title, a plaintiff must meet two requirements: (1) plaintiff must own the land in controversy, or have some estate or interest in it; and (2) defendant must assert some claim in the land which is adverse to plaintiff's title, estate or interest. *Wells v. Clayton*, 236 N.C. 102, 107, 72 S.E.2d 16, 20 (1952). By bringing a suit pursuant to this statute, a plaintiff is not demanding possession of the land but is merely stating that defendant has no right, title or interest adverse to his interest. *Development Co., Inc. v. Phillips*, 278 N.C. 69, 77, 178 S.E.2d 813, 818 (1971). The purpose of this statute is to "free the land of the cloud resting upon it and make its title clear and indisputable, so that it may enter the channels of commerce and trade unfettered and without the handicap of suspicion. . . ." *Id.* (*quoting Christman v. Hilliard*, 167 N.C. 4, 8, 82 S.E. 949, 951 (1914)). Further, once a plaintiff establishes a *prima facie* case for removing a cloud on title, the burden rests upon the defendant to establish that his title to the property defeats the plaintiff's claim. *Id.* at 78, 178 S.E.2d at 818-819.

In this case, plaintiff has established a *prima facie* case for removing a cloud on title. First, plaintiff has an interest in the residence tract, having acquired title from ACA. Second, defendant has asserted an interest which is adverse to that of plaintiff. Defendant contends that the original deed from him and his wife to the Wetheringtons was void because it contained an ambiguity in the description and it was a deed of gift which was not recorded within

CHICAGO TITLE INS. CO. v. WETHERINGTON

[127 N.C. App. 457 (1997)]

two years of its execution. Since plaintiff has established a *prima facie* case for removing a cloud on title, the burden rests upon defendant to produce evidence that his title in the residence tract is superior to that of plaintiff.

[3] The trial court found that "[b]y virtue of the indefiniteness of a beginning point, the legal description in such conveyance is patently ambiguous." To resolve cases in which a deed contains an ambiguous description, "the courts have formulated various rules of construction and techniques to locate the boundaries of deeds whose descriptions are less than ideal." Patrick K. Hetrick & James B. McLaughlin, Jr., *Webster's Real Estate Law in North Carolina* §10-36 (4th ed. 1994). The most common rule of construction used by the courts is to "gather the intention of the parties from the four corners of the instrument." Hetrick & McLaughlin, *supra*, at §10-36; *see also Board of Transportation v. Pelletier*, 38 N.C. App. 533, 536-537, 248 S.E.2d 413, 415 (1978). "The courts seek to sustain a deed if possible on the assumption that the parties intended to convey and receive land or they would never have been involved in the first place." *Id.*; *see also Self Help Corp. v. Brinkley*, 215 N.C. 615, 619, 2 S.E.2d 889, 892 (1939).

In this case, it is clear that defendant intended to convey the .38-acre residence tract to the Wetheringtons. After the initial conveyance, the Wetheringtons moved onto the property and erected substantial improvements. They obtained three separate loans secured by deeds of trust on the residence tract for which they were required to sign affidavits stating that their ownership of the residence tract had never been questioned. Also, they testified at trial that the 1988 survey correctly depicted the residence tract. Further, in a 1986 affidavit, the defendant made an "express acknowledgment" that the Wetheringtons were the owners of the residence tract. Thus, there is ample evidence to support a finding that the defendant and the Wetheringtons were aware of the location of the residence tract despite the ambiguity contained in the description in the deed. Therefore, the trial court's finding and conclusion that the deed was void because of this ambiguity was in error.

[4] The trial court also found that the deed was "without consideration and in fact was a gift deed recorded on June 11, 1963, more than two years after the date of its execution." A deed of gift is void if it is not recorded within two years of its execution. *See* N.C. Gen. Stat. § 47-26 (1984).

CHICAGO TITLE INS. CO. v. WETHERINGTON

[127 N.C. App. 457 (1997)]

The original deed contained the usual recitals of a general warranty deed, including the following:

WITNESSETH: That the said Alfred Wetherington and wife, Mary E. Wetherington, parties of the first part, for and in consideration of TEN DOLLARS ($10.00) and other good and valuable consideration to them in hand paid this day by the parties of the second part. . . .

A recital substantially the same as this one was present in *Pelaez v. Pelaez*, 16 N.C. App. 604, 192 S.E.2d 651 (1972), where this Court stated that "[o]rdinarily, the consideration recited in a deed is presumed to be correct." *Id.* at 606, 192 S.E.2d at 652. Our Court went on to conclude that since the plaintiff did not offer any evidence to overcome the presumption that the recital of consideration in the deed was correct, the deed was given for valuable consideration and therefore was not a deed of gift.

Here, defendant has failed to overcome the presumption created by the recital of consideration in the deed. Therefore, the trial court's finding and conclusion that the deed was a deed of gift was not supported by competent evidence and was in error.

At this point, it is also worthy to note the trial court's finding that defendant acknowledged his purpose in contesting this case was to "attempt to obtain a dwelling house on his 16.5-acre tract of land at no cost to himself. . . ." Further, the trial court found that defendant's position in this action contradicted the affidavit he filed in a 1986 civil action and "[was] both self-serving and thoroughly and inherently unreliable."

Therefore, the trial court's order which decreed that plaintiff was the sole owner of the residence tract as described in the 1988 survey, free and clear of any claim by defendant, is affirmed. The case is remanded to the trial court for modification of the order by finding that the original deed between the parties was not void due to the ambiguity contained in the description and was not a deed of gift since it was supported by valuable consideration. Furthermore, a copy of such order should be recorded in the real estate records of the Craven County Register of Deeds.

Affirmed and remanded with instructions.

Chief Judge ARNOLD and Judge McGEE concur.