JAMES W. LITTLE AND WIFE, PAMELA F. LITTLE, PLAINTIFFS v. BARSON FINANCIAL SERVICES CORPORATION, RODNEY HAIRSTON, BALDWIN-SHA KUR & ASSOCIATES, CLARKE W. BALDWIN AND WIFE, KIMBERLY A. AKBAR, FARID SHA KUR, CALVIN BRICE AND WIFE, FAYE Y. BRICE, DEFENDANTS

No. COA99-944

(Filed 5 July 2000)

**Judgments— default—entry set aside for remaining defendants**

The trial court erred by extending the default judgment it entered for the non-responding defendants to the remaining defendants in an action to quiet title to plaintiff's property because: (1) a default judgment against the non-responding defendants did not make any admissions on behalf of the remaining defendants, bar any of their defenses or claims, or prejudice their rights; and (2) the remaining defendants should have been allowed the opportunity to present their defense to plaintiffs' action to quiet title, and to present their counterclaim to quiet title.

Appeal by defendants Calvin and Faye Y. Brice from an order and judgment entered 12 March 1999 by Judge William H. Freeman in Forsyth County Superior Court. Heard in the Court of Appeals 11 May 2000.

*Metcalf & Beal, L.L.P., by W. Eugene Metcalf, for plaintiff-appellees.*

*Adams Kleemeier Hagan Hannah & Fouts, P.L.L.C., by David S. Pokela, for defendant-appellants Calvin and Faye Y. Brice.*

HUNTER, Judge.

Defendants Calvin Brice and Faye Y. Brice ("defendant-appellants") appeal a judgment by the trial court wherein it granted a default judgment against defendants Clarke W. Baldwin, Kimberly A. Akbar, and Farid Sha Kur on claims that they falsely obtained the property of James W. Little and Pamela F. Little ("plaintiffs"). The trial court did not adjudicate defendant-appellants' claims to the property, but proceeded to grant sole lawful ownership of the property to plaintiffs. We reverse, holding that a default judgment as to some, but not all defendants, did not clear title to the property in plaintiffs' favor.

Briefly, the record indicates that plaintiffs filed the complaint in the present case alleging that Baldwin, Akbar, and Sha Kur had fraudulently obtained their property located at 2934 Poinsettia Drive in Winston-Salem, and asked that the court quiet title in their favor. Apparently, a subsequent conveyance of the subject property had been made to defendant-appellants, who counterclaimed and crossclaimed, alleging that even if the plaintiffs had been defrauded by the other defendants, defendant-appellants were innocent bona fide purchasers for value, and were the rightful owners because plaintiffs failed to comply with their duty to read the documents in which plaintiffs conveyed the property to Baldwin and Akbar. Baldwin, Akbar, and Sha Kur failed to answer and the trial court entered a default judgment against them, wherein it quieted title to the property, ordering that plaintiffs were the property's sole owners without hearing the counterclaims and crossclaims of defendant-appellants.

Defendant-appellants first contend that the trial court erred because after entering a default judgment against defendants Baldwin, Akbar, and Sha Kur, it extended the default judgment to them, ruling that defendant-appellants were bound by the facts deemed admitted by the default of the non-responding defendants. Defendant-appellants argue that they did not default, and were never given the opportunity to be heard on their defense to plaintiff's quiet title action or their own counterclaim to quiet title. They contend the trial court erred in quieting title to the property based only on a default judgment against some of the defendants.

This Court has held that an action to remove a cloud on title:

"[M]ay be brought by any person against another who claims an estate or interest in real property adverse to him for the purpose of determining such adverse claims . . . , and a decree for the plaintiff shall debar all claims of the defendant in the property of the plaintiff then owned or afterwards acquired. . . ."

N.C. Gen. Stat. § 41-10 (1996). In order to establish a *prima facie* case for removing a cloud on title, a plaintiff must meet two requirements: (1) plaintiff must own the land in controversy, or have some estate or interest in it; and (2) defendant must assert some claim in the land which is adverse to plaintiff's title, estate or interest. *Wells v. Clayton*, 236 N.C. 102, 107, 72 S.E.2d 16, 20 (1952). By bringing a suit pursuant to this statute, a plaintiff is not demanding possession of the land but is merely stating that defendant has no right, title or interest adverse to his interest. *Development Co., Inc. v. Phillips*, 278 N.C. 69, 77, 178 S.E.2d 813, 818 (1971). . . . Further, once a plaintiff establishes a *prima facie* case for removing a cloud on title, the burden rests upon the defendant to establish that his title to the property defeats the plaintiff's claim. *Id.* at 78, 178 S.E.2d at 818-819.

*Chicago Title Ins. Co. v. Wetherington*, 127 N.C. App. 457, 461, 490 S.E.2d 593, 596-97 (1997), *disc. review denied*, 347 N.C. 574, 498 S.E.2d 380 (1998). Plaintiffs and defendant-appellants had brought actions to quiet title in the present case. Thus, both sought to defeat the other's claim.

In an action commenced against multiple defendants where some, but not all, of the defendants fail to plead or otherwise respond, a default judgment against the non-responding defendants does not bar the other defendants from asserting all defenses they might have to defeat plaintiff's claim. *Harris v. Carter*, 33 N.C. App. 179, 183, 234 S.E.2d 472, 475 (1977) (citing *United States v. Borchardt*, 470 F.2d 257 (7th Cir. 1972)).

Also, it is equally clear that default final judgment against [a non-responding defendant], d[oes] not adjudicate any rights between plaintiff and the answering defendants. The judgment by default final against [the non-responding defendant], in no way prejudice[s] the rights of the answering defendants in their defense against plaintiff's allegations.

*Piney Mountain Properties v. Supply Co.*, 6 N.C. App. 191, 193, 169 S.E.2d 465, 467 (1969). Under the foregoing authority, assuming that plaintiffs had made a *prima facie* case in their action to quiet title, a default judgment against the non-responding defendants did not make any admissions on behalf of defendant-appellants, bar any of their defenses or claims, or prejudice their rights. It was therefore error for the trial court to quiet title to the property based on a default judgment against Baldwin, Akbar, and Sha Kur, as defendant-appellants should have been allowed the opportunity to present their defense to plaintiffs' action to quiet title, and to present their counterclaim to quiet title. *See Chicago Title*, 127 N.C. App. at 461, 490 S.E.2d at 597. Accordingly, that portion of the order which purports to quiet title to the property in favor of plaintiffs is reversed, and this case is remanded in order for defendant-appellants to be given their day in court in accordance with this opinion. Default judgment as to Clarke W. Baldwin, Kimberly A. Akbar and Farid Sha Kur is affirmed.

Affirmed in part, reversed in part and remanded.

Judges WALKER and McGEE concur.