AARON L. GREEN AND MILDRED GREEN PATE, PLAINTIFFS v. POLLY PATE WILSON, INDIVIDUALLY AND AS ADMINISTRATRIX OF THE ESTATE OF WADELL H. PATE, LYDIA P. DUGAN, JANET PATE HOLMES, DARIAN PATE, BRYAN PATE, AND LINDSEY PATE, DEFENDANTS

No. COA03-714

(Filed 2 March 2004)

**Courts; Jurisdiction— Georgia action to set aside N.C. deeds— stay of pending N.C. action to quiet title**

The trial court erred by staying proceedings in a North Carolina action to quiet title where the administratrix of an estate in Georgia had filed an action in Georgia to set aside deeds, then moved to stay the North Carolina action. While a foreign court could render judgments that indirectly affect ownership of the

GREEN v. WILSON

[163 N.C. App. 186 (2004)]

property, only the court with in rem jurisdiction may serve as a proper forum to determine title to the property.

Appeal by plaintiffs from the stay order entered 15 May 2003 by Judge Kenneth Crow in New Hanover County Superior Court. Heard in the Court of Appeals 29 January 2004.

*Johnson, Lambeth & Brown, by Maynard M. Brown, Anna Johnson Averitt and Robert White Johnson for the plaintiff-appellants.*

*Marshall, Williams & Gorham, L.L.P., by Charles D. Meier for the defendant-appellees.*

ELMORE, Judge.

Plaintiffs filed an action in New Hanover County, North Carolina, to quiet title to certain real property located therein. Wadell H. Pate, deceased, had been the prior owner of the property and conveyed it by deeds of gift to his wife, Mildred Green Pate, and stepson, Aaron L. Green (plaintiffs). Wadell H. Pate died testate 22 February 2002. The administratrix of his estate, Polly Pate Wilson, asserted that the deeds were conveyed by undue influence and sought to have the deeds reformed. The plaintiffs filed suit to quiet the title. Thereafter, the administratrix filed suit in Georgia, where the plaintiffs reside, seeking to set aside the deeds of gift on the basis that they were procured through fraud and undue influence.

The defendants in the North Carolina suit then filed multiple motions, among them a motion to stay the proceedings to permit trial in a foreign jurisdiction pursuant to N.C. Gen. Stat. § 1-75.12, with respect to the Georgia suit. The trial court granted that motion, staying the proceedings, and found as a matter of law:

1. That the Richmond County, Georgia Superior Court has personal jurisdiction over the Plaintiffs and Defendants in this action.

2. That the Court having considered the convenience and the access to another forum, nature of [the] case involved, relief sought, applicable law, possibility of jury view, convenience of witnesses, availability of compulsory process to produce witnesses, cost of obtaining attendance of witnesses, relative ease of access to sources of proof, enforceability of judgment, burden of litigating matters not of local concern, desirability of lit-

igating matters of local concern in local courts, choice of forum by Plaintiffs, and all other practical considerations which would make the trial easy, expeditious and less expensive concludes that Richmond County, Georgia Superior Court is a convenient, reasonable, and fair place for trial.

3. That it would work substantial injustice for this action to be tried in New Hanover County, North Carolina.

Section 1-75.12 of our General Statutes allows any court of this State, upon motion of a party, to stay proceedings here to allow trial in a foreign jurisdiction when it would work substantial injustice for the action to be tried in a court of this State. Subsection (c) of 1-75.12 states that a party in a proceeding that has been stayed to permit trial in a foreign jurisdiction has an immediate right to appeal. N.C. Gen. Stat. § 1-75.12(c) (2003). "Entry of an order under N.C. Gen. Stat. § 1-75.12 is a matter within the sound discretion of the trial judge and will not be disturbed on appeal absent an abuse of that discretion." *Home Indemnity Co. v. Hoechst-Celanese Corp.*, 99 N.C. App. 322, 325, 393 S.E.2d 118, 120, *disc. review denied*, 327 N.C. 428, 396 S.E.2d 611 (1990).

The issue presented to this Court is whether North Carolina has exclusive *in rem* jurisdiction, and therefore is the proper venue for this action. If the state of Georgia has jurisdiction that may determine title to property located in North Carolina, then the trial court was correct to stay the proceedings here to await the outcome in the Georgia court, for the reasons stated by the trial court. If, however, North Carolina has exclusive *in rem* jurisdiction, then the Georgia proceeding cannot dispose of a deed executed in North Carolina to convey property located entirely within North Carolina, and the stay was ordered in error. We hold that Georgia does not have *in rem* jurisdiction, and that North Carolina is the proper venue. Regardless of issues of convenience to the parties, which are valid issues, the North Carolina courts alone have *in rem* jurisdiction over the subject property to determine title when it is disputed. The trial court therefore erred in staying the proceedings, and we vacate the stay order.

Black's Law Dictionary defines *"in rem"* as

A technical term used to designate proceedings or actions instituted *against the thing*, in contradistinction to personal actions, which are said to be *in personam*.

"In rem" proceedings encompass any action brought against a person in which essential purpose of suit is to determine title to or affect interests in specific property located within territory over which court has jurisdiction.

*Black's Law Dictionary* 793 (6th ed. 1990).

In the case of *Hanson v. Denckla*, 357 U.S. 235, 2 L. Ed. 2d 1283 (1958), the United States Supreme Court discussed the effect of *in rem* jurisdiction, stating that "[t]he basis of the jurisdiction is the presence of the subject property within the territorial jurisdiction of the forum State" *Id.* at 247, 2 L. Ed. 2d 1293 (citation omitted). Without question, North Carolina exclusively has *in rem* jurisdiction of the subject property in the case at bar.

We recognize that a foreign court with *in personam* jurisdiction could render judgments that indirectly affect ownership of property over which that court would have no *in rem* jurisdiction in certain specific instances. However, a court in a jurisdiction foreign to the subject property could not determine title to the property. An example of the former would be an equitable distribution in which the divorcing couple hold property in North Carolina but bring the divorce action in another state. The foreign court would have the authority, under principles of *in personam* jurisdiction, to divide the commonly held title. But where the ownership of the deed is in dispute or there is a cloud on the title, a court must have *in rem* jurisdiction to decide such matters. Our Supreme Court discussed this distinction in the case of *McRary v. McRary*, 228 N.C. 714, 47 S.E.2d 27 (1948):

> The Ohio court had jurisdiction to allot alimony to plaintiff herein. Even so, the jurisdiction acquired over the parties was purely *in personam*. Its judgment cannot have any extraterritorial force *in rem*. Nor did it create a personal obligation upon the defendant McRary which the courts of this state are bound to compel him to perform. At most it imposed a duty, the performance of which may be enforced by the process of the Ohio court.

> The courts of the *situs* of lands cannot be compelled to issue their decrees to enforce the process of courts of another state, or the performance of acts required by the decrees of such courts, ancillary to the relief thereby granted, affecting such lands.

> By means of its power over the person of the parties before it, a court may, in proper cases, compel them to act in relation to

property not within its jurisdiction, but its decrees do not operate directly upon the property nor affect its title. The court's order is made effectual only through its coercive authority.

A judgment seeking to apportion the rights of the parties to property outside the jurisdiction of the court rendering it may be given extrastate effect for many purposes, but it does not establish any right in the property itself, enforceable in the state of its *situs*.

*McRary v. McRary*, 228 N.C. 714, 718, 47 S.E.2d 27, 30 (1948) (citations omitted).

This Court applied the reasoning of *McRary* in the case of *Courtney v. Courtney*, 40 N.C. App. 291, 253 S.E.2d 2 (1979). In *Courtney*, a Texas court that had jurisdiction over the parties entered a judgment ordering defendant personally to convey title to North Carolina realty to plaintiff. On appeal, this Court affirmed the trial court's decision, finding that the Texas judgment was effective in North Carolina because it only affected the real estate indirectly and was not an *in rem* order that improperly purported to vest title. The Court reasoned:

In the instant case, the Texas court has not exceeded its jurisdictional powers nor contravened any law or public policy of North Carolina or Texas. Apparently recognizing its limited jurisdiction, it never attempted to vest any muniment of title in North Carolina realty, as did the Ohio court in *McRary*. Therefore, the *in personam* judgment directing the conveyance of North Carolina realty is entitled to full faith and credit in this State.

*Courtney v. Courtney*, 40 N.C. App. 291, 298, 253 S.E.2d 2, 5 (1979).

Both the *McRary* and *Courtney* decisions cited the U.S. Supreme Court decision in *Fall v. Eastin*, 215 U.S. 1, 54 L. Ed. 65 (1909), and echo its reasoning. In that case, the Court affirmed the Supreme Court of the State of Nebraska, which held that a deed to land situated in Nebraska, made by a commissioner under the decree of a court of the State of Washington in an action for divorce, was not effective in Nebraska because the Washington court lacked *in rem* jurisdiction.

These and other similar cases define the limits of *in personam* jurisdiction, where *in rem* jurisdiction is lacking, to affect title to land. The case at bar falls beyond these clearly defined limits. When

title to property is determined, only the court with *in rem* jurisdiction may serve as a proper forum. North Carolina being the only forum with *in rem* jurisdiction in the case at bar, it is not a substantial injustice for the case to be tried in New Hanover County, North Carolina.

Reversed.

Judges TIMMONS-GOODSON and BRYANT concur.