MARY LUE JACKSON, Plaintiff v. PAUL CULBRETH, SHIRLEY CULBRETH and 406 PARTNERS, LLC, successor in interest to ACE MORTGAGE FUNDING, LLC, Defendants

No. COA08-1079

(Filed 1 September 2009)

**1. Judgments— default—quiet title**

The trial court erred by entering a default judgment quieting title before all of defendant's claims to the property had been adjudicated.

**2. Judgments— default—findings**

The trial court erred in an action to quiet title by making findings in a default judgment that were contradictory and not supported by the evidentiary record and then making conclusions based on those findings. The evidence does not support the findings and the court did not articulate its rationale with specificity.

**3. Judgment— default—motion to reconsider—equity and justice**

The trial court abused its discretion in a quiet title action by denying defendant's motion to reconsider where the underlying default judgment was based on erroneous findings and a misapplication of law. Equity and justice required the court to allow defendant to defend the claim on the merits.

JACKSON v. CULBRETH

[199 N.C. App. 531 (2009)]

Appeal by defendant 406 Partners, LLC, from default judgment entered 3 October 2007 and order entered 9 June 2008, by Judge Jesse B. Caldwell, III, in Mecklenburg County Superior Court. Heard in the Court of Appeals 5 May 2009.

*No brief filed for plaintiff-appellee.*

*Patrick D. Sarsfield II, for 406 Partners, LLC defendant-appellant.*

HUNTER, JR., Robert N., Judge.

## I. Facts

This appeal arose from a title dispute between cotenants, Mary Lue Jackson ("plaintiff") and Paul and Shirley Culbreth (the "Culbreths") and the Culbreths' lender, 406 Partners, LLC. The property is known as 2519 Southwest Boulevard, Charlotte, North Carolina (the "property"). Plaintiff and Paul Culbreth initially obtained a joint tenancy with right of survivorship in the property from a deed from Lillie Propst dated 27 August 2002, and recorded on 5 September 2002 in Book 14031, at pages 141-43, in the Mecklenburg County Public Registry (the "Propst Deed").

Subsequently, a second deed dated 3 August 2005 and recorded 29 August 2005 in Deed Book 19251, at pages 927-29, in the Mecklenburg County Public Registry, purported to convey the interest of plaintiff and her husband, James Lawrence Jackson (the "Jacksons") to the Culbreths (the "Second Deed"). Claiming the Second Deed to be a forgery, plaintiff, through counsel, demanded the Culbreths cancel or void the deed. This demand went unmet.

After the recording of the Second Deed, the Culbreths signed a promissory note and Deed of Trust mortgaging the property for $52,000.00 to Ace Mortgage Funding, LLC ("Ace Mortgage"), the predecessor in interest to defendant 406 Partners, LLC (the "defendant"). The deed of trust was recorded on 7 August 2006.

On 23 January 2007, plaintiff commenced this action to quiet title to the property and served Ace Mortgage, its trustee Archer Land Title, and the Culbreths. Plaintiff complained, among other things, that the Second Deed was a forgery, and was never signed or authorized by plaintiff or her husband. Plaintiff's complaint further alleged that the Culbreths "were fully aware of the forged nature of the [Second Deed]" and that the Jacksons "had denied the authenticity of the [Second Deed] and had requested that [the Second Deed] be

voided." Plaintiff also complained that Ace Mortgage "entered into a transaction" with the Culbreths "based upon the forged deed and upon the obvious misrepresentations by the [Culbreths]." Plaintiff sought the court's declaration: (1) of her "rights, status, and the legal validity of her claim to ownership of the Property"; (2) that she was the "rightful owner of a one-half interest in the Property, as a joint tenant with Paul Culbreth" based on the Propst Deed; and (3) that the Second Deed and Deed of Trust be declared null and void.

Because no answer or responsive pleading was filed on behalf of Ace Mortgage, plaintiff filed on 7 May 2007 a Motion for Entry of Default against Ace Mortgage. The Mecklenburg County Clerk of Court entered a default against Ace Mortgage on 29 June 2007. Likewise, because no responsive pleading or answer was filed on behalf of the Culbreths, plaintiff subsequently filed a Motion for Entry of Default against the Culbreths on 5 July 2007. The Mecklenburg County Clerk of Court then entered a default against the Culbreths on 24 July 2007.

On 3 August 2007, plaintiff filed a Motion for Default Judgment pursuant to Rule 55(b)(2) of the North Carolina Rules of Civil Procedure against Ace Mortgage and the Culbreths. On 3 October 2007, the trial court entered an order setting aside the entry of default against Ace Mortgage, substituting defendant for Ace Mortgage as party-defendant, and granting defendant ten days to file a responsive pleading.[1] Defendant's answer, filed the same day, denied that the Second Deed was forged or that defendant entered the transactions based on the forgery or on misrepresentations of the Culbreths. In addition, on 3 October 2007, the court entered a Default Judgment against the Culbreths pursuant to Rule 55 of the North Carolina Rules of Civil Procedure. After reciting the history of procedural default against the Culbreths, discussed *ante*, the court made the following "Conclusions of Law":

1. That Plaintiff, Mary Lue Jackson is the rightful owner of a one-half, undivided interest in the property . . . as a tenant-in-common with Paul Culbreth . . . .

2. That the Deed dated August 3, 2005 . . . is null and void.

3. That the Deed of Trust . . . in the original amount of fifty-two thousand and 00/100 ($52,000.00) . . . is null and void[.]

1. The record is unclear as to the transfer of the lien from Ace Mortgage to defendant.

4. The Register of Deeds for Mecklenburg County is hereby Ordered to file a copy of this Court's Order in its records[.]

Subsequently, on 12 October 2007, defendant filed a Motion to Reconsider pursuant to Rules 52(b) and 59 of the North Carolina Rules of Civil Procedure. The court denied the Motion to Reconsider on 3 June 2008, and on 19 June 2008, defendant appealed.

## II. Issues

On appeal, defendant argues that the trial court erred by: (1) entering a default judgment against the Culbreths after defendant filed its answer to the complaint; (2) extending the default judgment to defendant and ruling that it was bound by facts deemed admitted by the default judgment, and by finally adjudicating the rights between plaintiff and defendant; and (3) making findings of fact in the default judgment that were contradictory and not supported by the evidentiary record and making conclusions of law based on such findings of fact. Additionally, defendant argues that the trial court abused its discretion by denying defendant's Motion to Reconsider, where the underlying default judgment was based on erroneous findings of fact and a misapplication of law.

## III. Analysis

**Default Judgment**

[1] Plaintiff's claim, an action to quiet title, is a *quasi in rem* proceeding which seeks judgment affecting "the interests in the status, property or thing[s] of all persons served pursuant to Rule 4(k) of the Rules of Civil Procedure." N.C. Gen. Stat. § 1-75.3(c). "'In rem' proceedings encompass any action brought against a person in which essential purpose of suit is to determine title to or affect interest in specific property located within territory over which court has jurisdiction." *Green v. Wilson*, 163 N.C. App. 186, 189, 592 S.E.2d 579, 581 (quoting *Black's Law Dictionary* 793 (6th ed. 1990)), *disc. review improvidently allowed*, 359 N.C. 186, 606 S.E.2d 117 (2004).

Central to plaintiff's claim to quiet title is a judicial declaration of the status of the Second Deed purportedly conveying fee simple title from plaintiff to the Culbreths. Defendant succeeded to the Culbreths' interest in the property when it received a beneficial interest in the property by means of the Deed of Trust. Defendant contends that, because the Second Deed was properly acknowledged, it is entitled to rely on the presumption in favor of the legality of a writ-

ten instrument by a certifying officer in forecasting evidence of a meritorious defense. Defendant contends that allowing the default judgment to stand "would have the unjust effect of preventing an answering defendant from raising a meritorious defense merely because another defendant failed to appear in a lawsuit." Defendant further contends that because it was properly served in the matter, has a recorded interest in the land, and has sufficiently forecasted a meritorious defense, its interest in an *in rem* action cannot be summarily adjudicated in a default proceeding between plaintiff and the Culbreths. We agree.

The United States Supreme Court enunciated in *Frow v. De La Vega*:

> The true mode of proceeding where a bill makes a joint charge against several defendants, and one of them makes default, is simply to enter a default and a formal decree *pro confesso* against him, and proceed with the cause upon the answers of the other defendants. The defaulting defendant has merely lost his standing in court. He will not be entitled to service of notices in the cause, nor to appear in it in any way. He can adduce no evidence, he cannot be heard at the final hearing. But if the suit should be decided against the complainant on the merits, the bill will be dismissed as to all the defendants alike—the defaulter as well as the others. If it be decided in the complainant's favor, he will then be entitled to a final decree against all.

*Frow v. De La Vega*, 82 U.S. 552, 554, 21 L. Ed. 60, 61 (1872). This Court in *Moore v. Sullivan* applied the *Frow* principle stating that "in the default judgment situation when a plaintiff has alleged joint liability, a default judgment should not be entered against the defaulting defendant if one or more of the defendants do not default." *Moore v. Sullivan*, 123 N.C. App. 647, 650, 473 S.E.2d 659, 661 (1996); *see also Leonard v. Pugh*, 86 N.C. App. 207, 356 S.E.2d 812 (1987); *Harris v. Carter*, 33 N.C. App. 179, 234 S.E.2d 472 (1977). An entry of default should instead be entered, which cuts off a defaulting defendant's right to participate on the merits. *Moore*, 123 N.C. App. at 650, 473 S.E.2d at 661.

Plaintiff argued in her objection to defendant's Motion to Reconsider that she "made no claim of wrongdoing against the Defendant 406 Partners, LLC" and thus would like to declare the claim "separate" from those advanced against the Culbreths. The *quasi in rem* nature of plaintiff's claim undercuts this argument.

Plaintiff's complaint to quiet title is an action *in rem* against the Culbreths *and* defendant's predecessor in interest, Ace Mortgage. In item number five of the complaint, plaintiff states that the Second Deed is a "forgery" that "was never signed or authorized by [the Jacksons]." In item number six of the complaint, plaintiff complains that the Culbreths "were fully aware" of the "forged nature of the deed." In item number seven, plaintiff complains that Ace Mortgage, "based upon the forged deed and upon the obvious misrepresentations by the [Culbreths] . . . entered into a transaction with [the Culbreths]." Until all of the claims have been adjudicated against all defendants, title questions would remain in the lawsuit.

Plaintiff's claims regarding funding based on the alleged forgery and the allegedly obvious misrepresentations are inextricably linked to plaintiff's claims against the Culbreths regarding the forgery and their knowledge of the same. The claims share a common set of facts and circumstances. As such, plaintiff made a "joint charge against several defendants." *See Frow*, 82 U.S. at 554 21 L. Ed. at 61. Because Ace Mortgage was predecessor in interest to defendant and the trial court set aside the default judgment against Ace Mortgage and substituted defendant as a party defendant, these claims for rights to the title are effectively made against defendant, where it stands in the stead of Ace Mortgage. We hold, therefore, that the trial court erred in entering the Default Judgment quieting title in absence of defendant's default. *See Moore*, 123 N.C. App. at 650, 473 S.E.2d at 661.

In *Little v. Barson Fin. Servs. Corp.*, the plaintiff sought to quiet title to a parcel of real estate. *Little v. Barson Fin. Servs. Corp.*, 138 N.C. App. 700, 531 S.E.2d 889, *disc. review denied*, 352 N.C. 675, 545 S.E.2d 440, *disc. review dismissed*, 352 N.C. 675, 545 S.E.2d 426 (2000). The trial court entered a default judgment against non-responding defendants, quieted title to the property, and ordered that the plaintiffs were the sole owners of the property. *Id.* This Court explained that "a default judgment against the non-responding defendants did not make any admissions on behalf of defendant-appellants, bar any of their defenses or claims, or prejudice their rights." *Id.* at 703, 531 S.E.2d at 891. Accordingly, this Court ruled that the trial court erred in quieting title based on a default judgment, because the defendant-appellants should have had an opportunity to defend the claims. *Id.*

In the instant case, although the trial court's default judgment was against the Culbreths for their failure to answer or otherwise

respond, the court's conclusions of law not only declare as null and void the Second Deed, but also declare as null and void the Deed of Trust naming Ace Mortgage Funding, LLC as the lender. Both conclusions of law extend the judgment in favor of plaintiff and against the Culbreths to defendant and end any potential rights defendant may have had in the property.

In accordance with this Court's reasoning in *Moore* and *Little*, we hold that the court should not have entered a default judgment quieting title until all defendants' claims to the property had been adjudicated. *See id.*

## Findings of Fact and Conclusions of Law

[2] Next, defendant argues the trial court erred by making findings of fact in the default judgment that were contradictory and not supported by the evidentiary record and making conclusions of law based on such findings of fact. Defendant contends that "Paragraph 1 of the Order contained in the Default Judgment was erroneous since it purports to give Plaintiff-Appellee a one-half, undivided interest in the Property as a tenant-in-common with Defendant-Appellee, Paul Culbreth." We agree.

"'[W]hen the trial court sits without a jury, the standard of review on appeal is whether there was competent evidence to support the trial court's findings of fact and whether its conclusions of law were proper in light of such facts.' " *Knight v. Higgs*, 189 N.C. App. 696, 699, 659 S.E.2d 742, 746 (2008) (citation omitted). "'Effective appellate review of an order entered by a trial court sitting without a jury is largely dependent upon the specificity by which the order's rationale is articulated.' " *In re D.R.B.*, 182 N.C. App. 733, 736, 643 S.E.2d 77, 79 (2007) (citation omitted). Evidence must support the findings, the findings must support the conclusions of law, and the conclusions of law must support the ensuing judgment. *Lake Gaston Estates Prop. Owners Ass'n v. County of Warren*, 186 N.C. App. 606, 610, 652 S.E.2d 671, 673 (2007).

Here, the trial court found as a fact that the Culbreths failed to timely respond to plaintiff's complaint and that an entry of default was entered against the Culbreths. Based on the findings of fact, the court concluded that the entry of default against the Culbreths was proper and that an entry of a default judgment granting plaintiff the relief sought was proper. The judgment entered erroneously declared plaintiff "the rightful owner of a one-half, undivided interest

in the property described in the Complaint as a *tenant-in-common* with Paul Culbreth"; declared the Second Deed "null and void"; and declared the Deed of Trust "null and void." (Emphasis added.)

First, the evidence does not support the findings because the trial court's finding as to the ownership as tenants-in-common is erroneous; the Propst Deed conveyed the property to defendant Paul Culbreth and to plaintiff as joint tenants with right of survivorship and not as tenants-in-common. Second, the trial court did not articulate its rationale with any specificity in declaring the Second Deed or the Deed of Trust "null and void," and thus failed to provide sufficient details for effective appellate review. *See In re D.R.B.*, 182 N.C. App. at 736, 643 S.E.2d at 79. Likewise, in its order on 406 Partners' Motion to Reconsider, the trial court did not articulate its reasons for denying the motion. Therefore, the evidence does not adequately support the findings, the findings do not adequately support the conclusions of law, and the conclusions of law do not adequately support the ensuing judgment. *See Lake Gaston Estates Prop. Owners Ass'n*, 186 N.C. App. at 610, 652 S.E.2d at 673. It was, therefore, error for the trial court to make findings of fact in the default judgment that were contradictory and not supported by the evidentiary record and to make conclusions of law and order based on such findings of fact.

**Abuse of Discretion**

[3] Defendant's final argument is that the trial court abused its discretion by denying its motion to reconsider where the underlying default judgment was based on erroneous findings of fact and a misapplication of law. We agree.

"We review the trial court's denial of a motion for reconsideration for abuse of discretion and reverse only upon 'a showing that [the] ruling was so arbitrary that it could not have been the result of a reasoned decision.' " *James River Equip., Inc. v. Tharpe's Excavating, Inc.*, 179 N.C. App. 336, 344, 634 S.E.2d 548, 555 (citation omitted), *disc. review denied, appeal dismissed*, 361 N.C. 167, 639 S.E.2d 650 (2006).

Defendant filed a Motion for Reconsideration pursuant to Rules 52(b) and 59 of the North Carolina Rules of Civil Procedure. Rule 52(b) provides as follows:

Amendment—Upon motion of a party made not later than 10 days after entry of judgment the court may amend its findings or make additional findings and may amend the judgment accordingly.

The motion may be made with a motion for a new trial pursuant to Rule 59.

N.C. Gen. Stat. § 1A-1, Rule 52(b) (2007). Pursuant to Rule 59(a), a new trial may be granted to a party when there is an "[e]rror in the law occurring at the trial and objected to by the party making the motion," and for "[a]ny other reason heretofore recognized as grounds for new trial." N.C. Gen. Stat. § 1A-1, Rule 59(a)(8)-(9) (2007). Under prior case law, our Supreme Court has approved a new trial, for example, when equity and justice so require. *Walston v. Greene*, 246 N.C. 617, 617, 99 S.E.2d 805, 806 (1957).

Defendant argued in its Motion to Reconsider that it denied the material allegations of plaintiff's complaint and that the entry of a default judgment against the Culbreths was "premature." As defendant explained, a decision on the merits in favor of plaintiff would entitle plaintiff to judgment against all defendants and would prevent defendant—an answering defendant—from raising a meritorious defense solely due to the Culbreths' failure to respond.

In denying defendant's motion, the trial court stated that it reconsidered the pleadings of record and defendant's brief. The court made no additional findings of fact or conclusions of law on which to base its denial of the Motion to Reconsider.

Reading Rules 52 and 59 together, we hold that the trial court, upon defendant's Motion to Reconsider, should have amended its findings, made additional findings, and amended its judgment because equity and justice required the court to allow defendant to defend its claim on the merits. *See Walston*, 246 N.C. at 617, 99 S.E.2d at 806. The result was exactly as defendant contended in its motion. Upon the default judgment entry against the Culbreths, defendant was prevented from arguing the claims on the merits. Defendant has succeeded in showing the trial court abused its discretion in denying defendant's Motion to Reconsider.

### IV. Conclusion

In *Beard v. Pembaur*, this Court stated that "'the law generally disfavors default judgments, [and] any doubt should be resolved in favor of setting aside an entry of default so the case may be decided on its merits.'" *Beard v. Pembaur*, 68 N.C. App. 52, 56, 313 S.E.2d 853, 855 (citation omitted), *disc. review denied*, 311 N.C. 750, 321 S.E.2d 126 (1984); *see also Acceptance Corp. v. Samuels*, 11 N.C. App. 504, 181 S.E.2d 794 (1971). Because the trial court's findings of fact and

conclusions of law were insufficient to address the merits of plaintiff's claims, and because its order was based in part on erroneous conclusions of law, there remains doubt as to the merits of the claims. Pursuant to the principle in *Beard*, we reverse the trial court's entry of default judgment against the Culbreths and remand to the trial court for consideration of the merits of the claims. Based on this error, we further hold the trial court abused its discretion in denying defendant's Motion to Reconsider.

Reversed and remanded.

Judges WYNN and JACKSON concur.