TYSON, Judge.
 

 *429
 
 Adam and Susan Jones ("Defendants") appeal from an order granting Bob Buysse, Joan Guilkey, and Mike Miles ("Plaintiffs") specific performance of the restrictive covenants of the Gimghoul Neighborhood, requiring Defendants to remove the portion of their front porch addition that protrudes into a purported forty-foot setback from Gimghoul Road and a permanent injunction. We reverse and remand.
 

 I. Background
 

 A. The Restrictive Covenants
 

 In 1923, The Junior Order of Gimghouls owned and endeavored to develop a tract of land into a residential neighborhood, later known as
 
 *430
 
 the Gimghoul Neighborhood. The land was subdivided into various lots, including Lot 7 at issue in this case, and a plat was recorded in Plat Book 1 Page 51 in the Orange County Registry in 1923. This plat includes the handwritten notation "building line is 40 feet from Gimghoul Road" and shows a drawn line indicating the setback. This plat does not specify width or a specific right-of-way of Gimghoul Road.
 

 Restrictive covenants were included in all the original recorded deeds. One of the covenants included the following restriction:
 

 That no residences or buildings of any kind erected on the lot shall be nearer any street than the building line designated as "Residence Building Line,"
 
 this being 40 feet from the northern boundary of Gimghoul Road
 
 , nor shall any residence be nearer either side line of said lot than ten feet, provided where two or more lots are combined to make a larger lot no residence shall be nearer either side line of the larger lot than ten feet. This does not apply to steps having no roof. (Emphasis supplied).
 

 This restriction was included in the original deed of Lot 7, conveying the lot from The Junior Order of Gimghouls to "S.A. Stoudemire and Irene S. Stoudemire, his wife" on 5 May 1926, and recorded at Book 84 Page 286 in the Orange County Registry.
 

 In 1950, an unsuccessful attempt was made to modify the original covenants. One proposed change referenced the setback: "[t]hat no residence or building of any kind erected on any lot shall be nearer any street than the building line designated as 'Residence Building Line' on said plot, and in no case less than 40 feet from the front property line ...." These proposed modifications were never executed by the lot owners nor recorded in the Orange County Registry.
 

 In 1983, the Gimghoul Homeowners Association ("HOA") retained an attorney to opine on the validity of the original covenants and the HOA's ability to amend or add restrictions. Several drafts of proposed changes were produced, and several meetings were held to discuss the alterations. The setback requirement was not the focus of the revisions and not discussed until the final draft.
 

 When questioned concerning the purpose of the proposed change, one HOA member claimed the modification was an effort to "simplify and clarify the setback for each lot since it was not clear what was intended by the 'northern boundary' building line" described in the original covenant. No objections were made to the resulting modification, and the
 
 *431
 
 change above was reflected in the final draft, "[n]o residences or buildings of any kind shall be erected on a lot nearer any street than forty (40') feet ...." The term "street" was not defined in the 1984 Declaration.
 

 The final draft of the 1984 Declaration was accepted by a majority of the lot owners and recorded in June of 1984. The 1984 Declaration stated the intention behind the changes was "to insure, as much as practical, that the basic purpose of the original restrictions and of the 1950 amendments are attained. That purpose was and continues to be the retention of the single family residential character of the neighborhood." Not all property owners of the subdivided lots shown on the 1923 plat signed the 1984 Declaration, but Sterling
 
 *336
 
 A. Stoudemire and Mary Arthur B. Stoudemire, owners of Lot 7, did.
 

 B. Lot 7
 

 The Junior Order of Gimghouls conveyed Lot 7 to "S.A. and Irene S. Stoudemire, his wife" on 5 May 1926. On 30 May 1961, Sterling A. Stoudemire and Mary Arthur B. Stoudemire, as wife, conveyed Lot 7 to John T. Manning, who, along with his wife Elizabeth T. Manning, conveyed Lot 7 back to Sterling A. and Mary Arthur B. Stoudemire on the same day, on back-to-back recorded deeds. This conveyance was apparently made to place Mary Arthur B. Stoudemire into the chain of title. These deeds were recorded in Book 182 on Page 66 and 67, respectively.
 

 On 9 June 1995, Mary Arthur B. Stoudemire conveyed Lot 7 to James C. Cusack and Julia C. Shivers, who had requested a survey be prepared of Lot 7 on 2 June 1995 by Charles R. Billings, RLS. This survey is not recorded. James C. Cusack and Julia C. Shivers then conveyed Lot 7 to Mary Wright Harrison on 17 July 2000, using the identical description contained in their 1995 deed.
 

 Defendants purchased Lot 7, with a single family structure located thereon, from Mary Wright Harrison on 29 December 2006. Defendants' deed referenced and incorporated therein the unrecorded 1995 survey, which indicated a forty-foot building setback being measured from the property line adjoining Gimghoul Road, which is shown on the survey as having a fifty-foot right-of-way. Defendants assert they had not previously seen a copy of the unrecorded survey prior to litigation, but do not contest its inclusion in the description in their deed.
 

 On 13 November 2013, Defendants submitted plans for a porch addition to the Chapel Hill Planning Department for a Certificate of Appropriateness ("COA"). These plans were reviewed by the Historic District Commission on 12 December 2013. A revised COA application
 
 *432
 
 was submitted on 13 January 2014, indicating minor changes to the original plans.
 

 On 27 February 2014, the Historic District Commission reviewed and approved Defendants' plans, and issued a COA. A zoning compliance permit was issued on 20 March 2014. A building permit was issued on 4 June 2014, and construction of the covered porch began.
 

 Prior to Defendants beginning construction on their covered porch addition, the HOA asserted the Defendants were violating the forty-foot setback restriction. Despite repeated warnings of the purported setback violation, and several offers to assist with remedying the violation, Defendants completed construction of their addition. The covered porch extends to approximately thirty-three feet south of the Lot 7 property line, approximately forty-three feet from the edge of the pavement of Gimghoul Road, and approximately eighty-three feet from the "northern boundary of Gimghoul Road."
 

 C. Procedural History
 

 On 18 August 2014, Plaintiffs filed a complaint against Defendants, and sought specific performance of the restrictive covenant and a permanent injunction. Plaintiffs filed an amended complaint on 9 July 2015, adding other homeowners who would also be subject to the restriction as necessary parties.
 

 Both Plaintiffs and Defendants filed motions for summary judgment, and both motions were denied on 20 November 2015. The trial court's order found genuine issues of material fact exist concerning the definition of the word "street" and an exception to the Marketable Title Act protected the restrictive covenants of Gimghoul Neighborhood. N.C. Gen. Stat. § 47B-3(13) (2015).
 

 Both parties stipulated to a summary bench trial and submitted briefs. On 15 November 2016, the trial court issued judgment in favor of Plaintiffs, granted specific performance of the forty-foot setback restriction from the southern edge of the right-of-way of Gimghoul Road, and issued a permanent injunction requiring removal of the portion of the porch that encroaches within the forty-foot setback from the asserted Gimghoul Road right-of-way. Defendants filed notice of appeal on 12 December 2016.
 

 II. Jurisdiction
 

 The judgment entered on 15 November 2016 is a final judgment of a superior court from which an appeal of right may be taken
 
 *337
 
 to this Court. N.C. Gen. Stat. § 7A-27(b)(1) (2015).
 
 *433
 

 III. Issues
 

 Defendants argue the trial court erred in (1) concluding the exception in N.C. Gen. Stat. § 47B-3(13) of the Marketable Title Act preserved the validity of the setback restriction from extinction; (2) resolving the ambiguity of the term "street" in favor of Plaintiffs, as if the restrictive covenants were valid; and (3) failing to apply traditional rules of contract construction and considering inadmissible evidence.
 

 IV. Analysis
 

 A. Standard of Review
 

 In a non-jury trial, the standard of review is "whether there was competent evidence to support the trial court's findings of fact and whether its conclusions of law were proper in light of such facts."
 
 Jackson v. Culbreth
 
 ,
 
 199 N.C. App. 531
 
 , 537,
 
 681 S.E.2d 813
 
 , 817 (2009) (citation and quotation marks omitted). "The trial court's findings of fact are binding on appeal as long as competent evidence supports them, despite the existence of evidence to the contrary."
 
 Curran v. Barefoot
 
 ,
 
 183 N.C. App. 331
 
 , 335,
 
 645 S.E.2d 187
 
 , 190 (2007) (citation omitted). "The trial court's conclusions of law drawn from the findings of fact are reviewable
 
 de novo
 
 ."
 

 Id.
 

 "Interpretation of the language of a restrictive covenant is a question of law reviewed
 
 de novo
 
 ".
 
 Erthal v. May
 
 ,
 
 223 N.C. App. 373
 
 , 378,
 
 736 S.E.2d 514
 
 , 517 (2012). Restrictive covenants are a restraint on the free use of property and are strictly construed.
 
 J. T. Hobby & Son, Inc. v. Family Homes of Wake County, Inc.
 
 ,
 
 302 N.C. 64
 
 , 70,
 
 274 S.E.2d 174
 
 , 179 (1981) ("such covenants are not favored by the law, and they will be strictly construed to the end that all ambiguities will be resolved in favor of the unrestrained use of land" (citations omitted)).
 

 B. The Setback Requirement
 

 Plaintiffs originally sought a ruling on the meaning of the word "street" in the restrictive covenants, while Defendants questioned the validity of the covenants themselves. We do not need to address ambiguous words nor statutory construction when this matter can be resolved by looking at the plain language of the original covenants.
 
 See
 

 Moss Creek Homeowners Ass'n v. Bissette
 
 ,
 
 202 N.C. App. 222
 
 , 228,
 
 689 S.E.2d 180
 
 , 184 (2010) ("restrictive covenants are contractual in nature, and that acceptance of a valid deed incorporating covenants implies the existence of a valid contract with binding restrictions").
 

 The restrictive covenants in Gimghoul Neighborhood have endured through revision and attempted revision since 1926. The most recent
 
 *434
 
 iteration, the 1984 Declaration, attempted to remove the purported ambiguities in the original 1926 covenants. Instead, the revision marking the setback line as no "nearer any street than forty (40') feet" created ambiguity. "An ambiguity exists where the language of a contract is fairly and reasonably susceptible to either of the constructions asserted by the parties."
 
 Hemric v. Groce
 
 ,
 
 169 N.C. App. 69
 
 , 76,
 
 609 S.E.2d 276
 
 , 282 (2005) (citation omitted).
 

 The word "street" was not defined in the 1984 Declaration, and, as the trial court found, that word is clearly susceptible to either definition and interpretation proposed by the parties in this case.
 
 See
 
 id.
 

 The first two definitions for "street" allow for either the inclusion or exclusion of sidewalks: "1.a. A public way or thoroughfare in a city or town, usu. with a sidewalk or sidewalks. b. Such a public way considered apart from the sidewalks."
 
 Street
 
 , The American Heritage College Dictionary (3d ed. 1997).
 

 When we encounter an ambiguous word in a contract, we "may consider all the surrounding circumstances, including those existing when the document was drawn."
 
 Simmons v. Waddell
 
 ,
 
 241 N.C. App. 512
 
 , 520,
 
 775 S.E.2d 661
 
 , 671 (2015) (quoting
 
 Century Commc'ns, Inc. v. Hous. Auth. of City of Wilson
 
 ,
 
 313 N.C. 143
 
 , 146,
 
 326 S.E.2d 261
 
 , 264 (1985) ). "The grantor's intent must be understood as that expressed in the language of the deed[.]"
 

 Id.
 

 (quoting
 
 County Of Moore v. Humane Soc'y Of Moore County, Inc.
 
 ,
 
 157 N.C. App. 293
 
 , 298,
 
 578 S.E.2d 682
 
 , 685 (2003) ).
 

 The original 1926 deed to Lot 7 clearly and unambiguously states the setback line is to
 
 *338
 
 be measured "40 feet from
 
 the northern boundary
 
 of Gimghoul Road." (Emphasis supplied). The trial court found this language was included in other deeds recorded from that time. The Junior Order of Gimghouls, the original sub-divider and grantor, could have indicated any point from which to measure the setback requirement in the original conveyances, and it appears many of the deeds noted the "northern boundary" as the origination point.
 
 See
 

 Walton v. City of Raleigh
 
 ,
 
 342 N.C. 879
 
 , 881,
 
 467 S.E.2d 410
 
 , 411 (1996) ("If the plain language of a contract is clear, the intention of the parties is inferred from the words of the contract.").
 

 The trial court improperly found the attempted 1950 modifications of the restrictive covenants were designed to remedy inconsistencies between the original deed and the 1923 plat, purportedly showing the setback line as being measured from the southern side of Gimghoul Road. No evidence supports this finding of fact, as nowhere in the record is the "intent" of the 1950 drafters of an attempted but unexecuted document indicated.
 

 *435
 
 The proposed 1950 amendments were never adopted nor recorded, which negates any purpose for opining what the "intent of the drafters" might have been. Further, the hand drawn and un-located "setback" line from the undefined bounds of Gimghoul Road shown on the 1923 plat was not binding upon the original developers, and without enforceable covenants is not binding on subsequent purchasers.
 
 See
 

 Turner v. Glenn
 
 ,
 
 220 N.C. 620
 
 , 626,
 
 18 S.E.2d 197
 
 , 201 (1942) ("A deed which makes reference to a map or plat incorporates such plat for the purpose of more particular description but does not bind the seller, nothing else appearing, to abide by the scheme of division laid down on that map.").
 

 Presuming the validity of the 1984 Declaration, but finding ambiguity in the use of the term "street" therein, we review the original covenants.
 
 See
 

 Simmons
 
 ,
 
 241 N.C. App. at 520
 
 ,
 
 775 S.E.2d at 671
 
 . Finding no ambiguity in the plain language of the restrictive covenants in the original deed to Lot 7, we "must construe the contract as written[.]"
 
 Hemric
 
 ,
 
 169 N.C. App. at 76
 
 ,
 
 609 S.E.2d at 282
 
 (citation omitted).
 

 The original deed clearly indicates the forty-foot setback as being measured and starting from the "northern boundary line of Gimghoul Road." Defendants' addition does not intrude into this forty-foot setback.
 
 See
 

 Callaham v. Arenson
 
 ,
 
 239 N.C. 619
 
 , 625,
 
 80 S.E.2d 619
 
 , 624 (1954) ("Therefore, restrictive covenants clearly expressed may not be enlarged by implication or extended by construction. They must be given effect and enforced as written."). Plaintiffs' arguments are overruled.
 

 V. Conclusion
 

 The trial court's purported findings of inconsistencies between the original covenant and the 1923 plat, and the 1950 attempted revisions and subsequent 1984 revisions, which sought to remedy these inconsistencies, are not supported by competent evidence. The trial court's conclusion to resolve the purported ambiguity by considering the intent of the parties under these facts is error.
 
 See
 

 Claremont Prop. Owners Ass'n v. Gilboy
 
 ,
 
 142 N.C. App. 282
 
 , 289,
 
 542 S.E.2d 324
 
 , 329 (2001) (holding the meaning of ambiguous restrictive covenants must be determined by construing the intent of the parties).
 

 The original covenants in the 1926 deed are not ambiguous, and clearly state the measuring point for the forty-foot setback is "from the northern boundary of Gimghoul Road." The intent of the original grantor is clear. This Court is bound to construe the restrictive covenants narrowly and in accord with this original intent.
 
 See
 

 Hemric
 
 ,
 
 169 N.C. App. at 76
 
 ,
 
 609 S.E.2d at
 
 282 ;
 
 see also
 

 Callaham
 
 ,
 
 239 N.C. at 625
 
 ,
 
 80 S.E.2d at 624
 
 (1954).
 

 *436
 
 We do not address the validity or enforcement of the purported forty-foot setback from the southern boundary of Gimghoul Road, as is shown in the unrecorded 1995 survey referenced and incorporated into Defendants' deed. That issue is not before us. In light of our ruling, it is also unnecessary to and we do not reach Defendants' arguments under the Marketable Title Act. N.C. Gen. Stat. § 47B-3(13).
 

 *339
 
 The ruling of the trial court finding for the Plaintiffs is reversed and remanded for entry of judgment for Defendants.
 
 It is so ordered.
 

 REVERSED AND REMANDED.
 

 Judges STROUD and HUNTER concur